BROWN, Defendant in Error, v. RICE, Plaintiff in Error.

1. To constitute an agreement there must be the assent of the promissee; a mere promise on one side only is not sufficient; there must be mutuality of obligation.

*Error to Cole Circuit Court.*

This was an action originally commenced before a justice of the peace upon the following account; "Samuel O. Rice, to Richard J. Brown, Dr. To amount which the said Rice, in January, 1859, promised to pay upon the said Brown's leaving the Barton farm, $23." At the trial in the circuit

court the defendant asked the court to instruct as follows:
" 3. Although Rice may have offered Brown a twenty-three
dollar note to leave the Barton farm by a certain day, if
Brown failed at the time to accept the offer, Brown is not en-
titled to recover from Rice on this offer unless Rice gave him
a certain time to accept the offer, and Brown within the time
notified Rice of such acceptance." The court refused so to
instruct.

*Lay & Batte*, for plaintiff in error.

I. The court erred in instructing as requested by plaintiff,
also in refusing the instructions asked by defendant. Mutual
consent is necessary to the creation of a contract.

*White*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

The third instruction asked by the defendant in this case,
or something equivalent thereto, should, we think, have been
given to the jury. There was certainly evidence from which
a jury might have come to the conclusion that Rice's offer to
give him his note for twenty-three dollars, if Brown would
leave the Barton farm on a day named, was a mere promise,
not a contract. To convert a promise into a contract, there
must be the assent of the promisee, and until that is given
the promiser may retract. The evidence was that Brown
did not accede to the defendant's proposition, but asked for
time to consider it. Whether time was given, and within
the period designated the plaintiff closed the contract, was a
matter for the jury. If Brown was not bound, neither was
Rice. But this view of the case was not left to the jury.

Judgment reversed and case remanded; the other
judges concur.