Jos. H. Rankin, *et al.*, Defendants in Error, *vs.* Pacific R. R., Plaintiff in Error.

55 167
34a 684

55 167
93a ³609

1. *Carriers—Delay in delivering goods—Measure of damages.*—In an action of damages for delay in delivering goods, *held*, that although the goods at the time of delivery may have been valueless to plaintiff for the purpose for which they were bought, they could not recover for a total loss. The measure of plaintiff's damages would be any necessary expenses incurred in obtaining the goods, together with the difference between the cost of the goods and what could have been realized for them at the time and place of destination, if the amount were less than cost. If greater, there would be nothing to add or deduct.

2. *Railroads—Notice of delivery by.*—Where goods are delivered on time by a railroad, the company is not compelled to notify the consignee of their arrival at the depot.

3. *Common carriers—Delivery of goods by—Delays as to.*—It is the duty of common carriers in all cases to transport without unnecessary delay all goods received for carriage, whether they are intended for a particular purpose or not.

*Error to Morgan Circuit Court.*

*Litton and Ewing & Smith*, for Plaintiff in Error.

I. The second instruction given for plaintiff is erroneous. A man cannot compel the carrier to buy his goods, simply because there may have been an unreasonable delay. This is well settled. (2 Redf. Railw. p. 167, § 175, note 2; Briggs vs. N. Y. Cent. R. R., 28 Barb., 515; Redf. Car., § 3, 14; Ang. Car., § 490*a*; Scoville vs. Griffith, 12 N. Y., 509; Sedg. Dam. [3 Ed.], 376 § 359, and n.; Hackett vs. B., C. & M. R. R., 35 N. H., 390; New Orleans R. R. vs. Tyson, 46 Miss., 729; Shaw vs. S. C. R. R. Co., 5 Rich. [S. C.], 462; Tucker vs. P. R. R., 50 Mo., 386.)

Again, said instruction is erroneous in stating that in addition to the value of the delayed goods the plaintiffs are entitled to recover, "whatever amount of money they have expended in trying to recover the same, and interest." This is wrong because the plaintiffs are not entitled to any money spent by them. (See Ingleden vs. Northern R. R. Co., 7 Gray, 86; Miss. Central R. R. Co. vs. Kennedy, 41 Miss., 671.)

If plaintiffs be entitled to any money spent, it could only be

to the amount necessarily or reasonably spent. (See Ang. Car., § 490*a*.)

The instruction is also erroneous in saying that it was the defendant's duty to notify plaintiffs of the arrival of the goods, or to notify their legally authorized agent. (Neal vs. Wilmington R. R. Co., 8 Jones' Law [N. C.], 482; New Orleans R. R. vs. Tyson, 46 Miss., 729; Morris R. R. vs. Ayres, 5 Dutch., 393; Farm. and Mec. Bank vs. Champlain Transfer Co., 23 Vt., 186; Norway Plains Co. vs. Boston & M. R. R., 1 Gray, 263.)

II. The first instruction for plaintiff was erroneous. It made no difference if the goods had become valueless to plaintiff, if their general market value was unimpaired. Defendant was only concerned with market values, not the special uses to which the plaintiff may have intended to put the articles, of which it had no notice.

*Pemberton & Wray, and Stover & Neilson*, for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action against the defendant as a railroad common carrier, for non-compliance with a contract of affreightment. The goods consisting of house castings intended to be put in a brick house then being erected by plaintiff at Versailles, fifteen or twenty miles from Tipton, were shipped at Boonville, Missouri, to be carried by defendant to Tipton, about twenty-six miles.

The goods arrived at Tipton the same day they were shipped, but by the carelessness of defendant's agents, were left in the car and went on through to St. Louis, where they remained for several days, and were not delivered at Tipton till twelve days after the time they should have been delivered. When delivered at Tipton they were in the same condition as when shipped. The plaintiff had sent several times for the goods before they were delivered, at an expense of five dollars per trip. When they were delivered at Tipton, the defendant's freight agent at its depot received them, and on the next day

delivered them to McCoy & Co. commission merchants, who paid the freight and took charge of the goods for the plaintiff. The evidence tended to show that McCoy & Co. were the plaintiffs' agents as commission and forwarding merchants.

There were three counts in the petition all on the same contract of affreightment for the transportation of the same castings. The first count charged, that by means of the carelessness of defendant in the transportation of the goods, they were wholly lost to plaintiff. The second count was similar to the first, charging that the goods were not delivered in a reasonable time, or in any other time, and were wholly lost to plaintiff. The third count charged that the goods were intended for a house then being erected by the plaintiffs; and were so unreasonably delayed in the transportation, that when delivered to plaintiffs they were valueless for the purpose for which they were bought, and only worth $10, the price of old iron. The plaintiffs charged that by reason of such delay in transportation, they were compelled to expend seventy dollars in sending and searching for the goods. The answer denied the material allegations of the petition. Upon the trial the evidence tended to show that the manufacturer's price of the castings were about $102, and that they would be valueless to plaintiffs, but might be used for another house of the same dimensions. There was no evidence to prove what the market or other value was, at the place of delivery. There was no notice given by defendant to the plaintiff of the delivery of the goods at Tipton. This in substance was all the testimony. Each party asked several instructions, some were given and others refused.

I shall only notice such as present the point relied on here for a reversal. By the third instruction given for plaintiffs, it was declared "that if the jury believe from the evidence that defendant received the goods in controversy, at the place, and to be delivered at the place charged in the complaint in a reasonable time, and that the goods were received at the place of delivery out of time, by the agent and at the depot

of defendant, then it was the duty of defendant to notify plaintiff of such arrival or their legally authorized agent to receive the same, and that a failure to give such notice, renders the defendant liable for whatever damages may accrue to plaintiff; and the rule for estimating the plaintiffs' damages should be as stated in the plaintiffs' first instruction."

The first instruction referred to was refused ; but the rule for estimating the damages in that instruction which is made a part of the third instruction above copied, is "that if by such failure to carry and deliver the said goods they were rendered valueless to plaintiffs, then the plaintiffs were entitled to recover the value of said goods at the place of destination together with whatever amount of money they have expended in trying to recover the same, with six per cent. interest from the time they should have been delivered."

The second instruction given for plaintiffs entirely ignores the delivery of the goods, but lays down the rule for estimating the damages in the same way as the third. The second and third instructions asked by the defendant and refused by the court were to the effect, that in the absence of any notice to defendants from plaintiffs at the time of the shipment, that there was a necessity for punctual transportation and delivery of the goods, the defendant would not be liable for the delay which occurred in the delivery. The third instruction asked by defendant and refused, was to the effect that although the goods did not arrive in time, yet if they were in good condition and were received by the plaintiffs or their agents, the plaintiffs were only entitled to recover whatever they may have necessarily expended in time and money in endeavoring to get the castings.

The jury found a verdict for $128.86, on which judgment was rendered for plaintiffs. Motions for new trial and in arrest, saving the points passed upon, were duly made and overruled and exceptions saved. It is manifest from this statement, that the whole contest was on the third count of the petition which admitted the delivery of the goods, but charged that they were so unreasonably delayed that they were of no use or

value to plaintiffs, and they were put to expenses in going for the goods before they were delivered at the depot. There was no pretense that the goods were lost in the transportation, which seems to be the gravamen of the first and second counts. If they had been lost and not delivered at all, the plaintiffs would have been entitled to the full value with all necessary expenses they had been put to, in endeavoring to recover them. But as they were not lost, but delivered out of time, what must be the rule of estimating the damages? Can the plaintiffs recover as though there had been a conversion, regardless of the value of the goods which they still retain? Although the goods at the time of delivery may have been valueless to the plaintiffs, for the purposes for which they were bought, still they may have been of a greater or less market value, and whatever they could have realized in money out of the goods at their place of destination, ought to have been taken into consideration in estimating the damages. They cannot recover as for a total loss. (Briggs vs. New York Cent. R. R., 28 Barb., 515; Ang. Car., § 490a; Scoville vs. Griffith, 12 [N. Y.], 509; Sedg. Meas. Dam., 376.) So in regard to the plaintiffs' expenses in recovering the goods. The rule is not what they may have expended; but what they were necessarily compelled to expend in such recovery. (Ang. Car., § 490a.)

The rule in respect to notifying consignees of the arrival of goods does not apply to railroads, where the goods are delivered on time. They are not required as carriers by wagon to deliver at the place of business or house of the consignee; nor as carriers by water, to notify the consignee of the arrival at the wharf. Their route is confined to the track, and the delivery must be at a depot or by the roadside, and if there be no one to receive them they may store them without charge for a reasonable time till the consignee calls for them. It is the duty of a consignee to do so without notice, as the usual certainty of the arrival of the train renders such notice unnecessary. (See Morris & Essex R. R. Co. vs. Ayres, 5 Dutch., 393; Norway Plains Co. vs. Boston & M. R. R. Co., 1 Gray, 274.)

Where goods are unreasonably delayed in the delivery at the depot, it might be necessary to notify the consignee of their arrival. But in this case the question becomes unimportant, because the goods were delivered soon after the arrival, and no damage was proven to have accrued after the arrival and before the delivery to the consignee's agent. For these reasons the instructions given for plaintiffs on the question of damages were erroneous. The instructions of defendants, requiring notice to them that a punctual delivery of the plaintiff's goods would be demanded, were manifestly erroneous and therefore properly refused. It is the duty of common carriers in all cases to transport without unnecessary delay all goods received for carriage, whether they are intended for a particular purpose or not. The defendant's instruction reciting that an unreasonable delay in transportation of the goods, if delivered in good order, only entitles the plaintiffs to recover what they necessarily expended in obtaining the goods was properly refused. It did not assert the correct rule for estimating the damages. To the amount necessarily expended there should be added the difference between the cost and what could have been realized at the time and place of destination, if less than the cost; if greater, there would be nothing to add or deduct.

Judgment reversed and cause remanded. All the judges concur.