GEORGE BERGNER ET AL., Plaintiffs in Error, *v.* CHICAGO AND ALTON RAILROAD COMPANY, Defendant in Error.

April 17, 1883.

1. CONSIGNOR AND CONSIGNEE — COMMON CARRIER. — A contract of sale being rescinded by the consignee's refusal to receive the goods because not delivered in time, the consignor, as the owner, may sue the carrier for failure to deliver.

2. ——— NOTICE. — A common carrier by rail is not bound to give notice to the consignee of the arrival of goods which arrive within the usual time.

3. PRESUMPTIONS — FOREIGN LAWS. — The presumption is, in the absence of proof, that the law of a sister state is the law of the forum.

ERROR to the St. Louis Circuit Court, WICKHAM, J.
*Affirmed.*

W. L. BEYERSDORFF and R. HIRZEL, for the plaintiffs in error.

R. KERN, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

This is an action against a common carrier for failing to deliver goods. At the conclusion of all the evidence the court gave a declaration of law that there could be no recovery.

1. The action is brought by the consignor, and it is first objected that it should have been brought by the consignee. This question does not arise upon the record; but if it did, it would be unavailing, for it sufficiently appears that the plaintiffs are the owners of the goods, the consignee having refused to take them because they were not delivered to him in season for the market, and the contract of sale between the consignor and consignee having thus been rescinded. Presumptively the consignee is the owner of the goods and the proper person to sue the carrier in respect of them; but the consignor may sue where he is the owner. *Turney* v. *Wilson*, 7 Yerg. 515; *East Tennessee, etc., R. Co.* v. *Nelson*, 1 Coldw. 278.

2. The goods were shipped by the plaintiffs over the Pacific Railway from Washington, Missouri, consigned to P. S. Meserole, at Chicago, Illinois. A bill of lading was taken for them and at once forwarded to the consignee. There is no evidence that the consignee did not receive this bill of lading, and the presumption is that he did receive it in due course of mail. The goods went forward to East St. Louis and were there delivered to the defendant, who promptly forwarded them to Chicago, so that they arrived at Chicago within two days after shipment. The way-bill which accompanied the goods to Chicago and which had been made out by the defendant's agent at East St. Louis, misspelled the name of the consignee, giving it as " P. S. Merrall," instead of P. S. Meserole. When the goods arrived at Chicago, notice was sent by postal card of their arrival, in the regular course of the defendant's business, and according to its custom, to " P. S. Merrall." Meserole did not get this notice; and, after waiting some time for the goods to be taken away, the defendant's agent at Chicago telegraphed to East St. Louis and got the name of P. S. Meserole, to whom notice was now sent. The goods still not being called for, after being kept for about four months by the defendant, were sent to a warehouse of

storage. Some time after the goods were shipped, one of the plaintiffs went to Chicago to see about them ; called on Meserole, who refused to receive them, because they had not been delivered to him in time and had become unsalable ; inquired at the freight office of the defendant, where, after some search, he was directed to the warehouse where the goods were stored ; and went there and found that the charges on them amounted to some $36, which he declined to pay, and left them there, until they were destroyed by fire about two years afterwards.

From this, it appears that the liability of the defendant, if it be liable at all, springs from an obligation on its part to give notice to the consignee. If the law put upon the defendant the obligation of giving such notice and it failed through negligence or mistake to do so, then, it may be conceded, it would be liable in this action. Its liability, however, is governed by the law of Illinois. That law was not proved at the trial, and therefore we must presume that it is the same as the law of Missouri. The law of Missouri is, that a railroad company, acting as a common carrier, is not bound to give notice to the consignee of the arrival of goods, where they arrive within the usual time. *Rankin* v. *Pacific R. Co.*, 55 Mo. 167 ; *Eaton* v. *Railroad Co.*, 12 Mo. App. 386. On the contrary, it is the duty of the consignee, attending to his business and looking after his property as a diligent man should, to inquire for the goods. It cannot be doubted that if the consignee in this case, when he received the bill of lading, had inquired for the goods at the defendant's freight office in Chicago, he would have received them. The defendant not being obliged by law to send notice, its undertaking to do so is to be regarded as something which it assumed to do gratuitously, or for the convenient dispatch of its own business. As it was not bound to do so, it did not incur liability by attempting to do so and failing.

It thus appears that the court properly gave the instruction that there could be no recovery. The judgment is affirmed. All the judges concur.