DAWSON v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

1. **Carriers:** CONTRACTS FOR EXEMPTION FROM LIABILITY: NEGLIGENCE. A contract by which a common carrier undertakes to relieve himself of all liability for damages occasioned by any delay in transportation and to impose them upon the shipper, will be effectual to protect the carrier only against the consequences of delays not caused by his own negligence.

2. ———: DUTY AS TO PROVIDING FACILITIES FOR TRANSPORTATION. It is the duty of a common carrier to provide sufficient facilities and

means of transportation for all freight which it should reasonably expect will be offered, but it is not bound to provide in advance for extraordinary occasions, nor for an unusual influx of business which is not reasonably to be expected.

3. ——— : ———. If a common carrier receive property for transportation without any agreement to the contrary, he thereby undertakes to carry and deliver it within a reasonable time, regardless of any extraordinary or unexpected pressure of business upon him.

*Appeal from Audrain Circuit Court.*—HON. E. ROBINSON, Judge.

REVERSED.

*Macfarlane & Trimble* for appellant.

*Forrist & Fry* for respondent.

HOUGH, C. J.—This was an action for damages alleged to have been caused by delay in the shipment of three cars of sheep from Centralia, Missouri, to Venice, Illinois, opposite the city of St. Louis.

It was admitted that the sheep were shipped under a special contract, by which plaintiff "agreed to assume the risk of all injuries which said sheep, or any of them, might receive or sustain from delays in the transportation thereof, and that he would assume all risks for damage of whatever kind which might be occasioned or sustained by reason of any delay in such transportation." Plaintiff testified that defendant declined to accept the sheep for transportation unless he would sign such contract, though he did not read the contract, nor did the agent of defendant inform him as to its contents. The evidence showed that there was a delay of thirty-six hours beyond the usual time between Centralia and Venice. There was testimony as to the damages sustained by reason of the delay.

Defendant showed, by evidence, that just previous to the shipment of these sheep the bridge over the Missouri river at St. Charles was broken down, and all freight over

the Wabash road to St. Louis was transferred at Mexico and carried to St. Louis over defendant's road, by reason of which an unusual amount of business was unexpectedly thrown upon defendant's road. The division superintendent testified that they took all the freight offered and did the best they could with it; that there was such an accumulation of freight that defendant was unable to transport it all without delay.

At the request of the plaintiff, the court gave the following instructions:

1. If the jury shall believe from the evidence in this case, that plaintiff shipped, upon defendant's cars, at Centralia, the sheep mentioned in the petition, and defendant undertook to transport the same over its road to Venice, as named in said petition, and within a reasonable time, and failed to do so, or that they so undertook so to do in a careful and prudent manner, and carelessly and negligently failed so to do, and plaintiff was actually damaged, then the verdict must be for plaintiff.

2. If the jury shall find the issues in this case for plaintiff, then in determining his damages they will consider the loss of the weight of said sheep by reason of said delay in said transportation thereof, if any, together with the difference in the price or market value of the sheep at the time they should have arrived in said market, and the time in which they did arrive, if any, together with all extra cost and expenses to plaintiff by reason of such delay in said transportation, if any, he was compelled to pay and make, as well as any loss or depreciation in the market value of said sheep, if any, by reason of the careless and negligent running and management of said cars, if the jury shall find from the evidence such carelessness and negligence, and find the amount thereof and fix the same in dollars and cents, but in no event will the amount so fixed exceed the sum of $630.90, as mentioned in plaintiff's petition.

3. Although the jury may believe from the evidence that plaintiff executed the contract offered in evidence by

defendant, and for a valuable consideration, still said contract would constitute no defense to plaintiff's action, nor any mitigation of any damages that the jury may believe from the evidence in the case plaintiff may have suffered by reason of the carelessness or negligence of defendant in the premises, if the jury believe such carelessness or negligence has been shown by the evidence.

4. If the jury shall believe from the evidence that plaintiff shipped the sheep mentioned in his petition, and defendant undertook so to do, and there was no specific contract as to the time within which said transportation should be completed, and said sheep be delivered, then the law would require the same to be done and completed within a reasonable time, and if when defendant so received and undertook such transportation, it knew it had not the facilities for the performance of its said undertaking in such time, by reason of a want of proper and sufficient means of transportation, or other causes within its control, and by reason of want of such facilities, or other causes, said undertaking of defendant was not performed within such reasonable time, then such delay would be the result of negligence on the part of defendant in the premises, and it would be liable for such damages as plaintiff might suffer from such failure to perform said undertaking, not exceeding $630.90.

At the request of the defendant the court gave the following instruction:

If the jury believe from the evidence that at the time defendant received plaintiff's sheep for shipment, there was an extraordinary and unexpected pressure of business on defendant's road, they may take that fact into consideration as a circumstance in determining what was a reasonable time in which plaintiff's sheep should have been shipped to Venice.

The following instruction, asked by the defendant, was refused by the court:

If the jury believe from the evidence that by reason of

the breaking down of the St. Charles bridge over the Missouri river, on the road of the St. Louis, Kansas City & Northern Railway Company, there was an unusual and unexpected pressure of business on defendant's road, and that defendant refused to receive plaintiff's sheep unless he would have them shipped under the contract read in evidence, and that plaintiff agreed thereto, and said sheep were shipped under said contract, then plaintiff is not entitled to any damages caused by delay in the transportation of said sheep, if such delay was occasioned by such pressure of business.

The rule is settled in this State that a carrier cannot contract for exemption from liability for loss caused by the negligence of itself or its servants. *Harvey v. Railroad Co.*, 74 Mo. 541; *Sturgeon v. Railroad Co.*, 65 Mo. 569; Rice v. *Railroad Co.*, 63 Mo. 314; *St. Louis, K. C. & N. R'y Co. v. Cleary*, 77 Mo. 634. The effect of the special contract in the case now before us, was, therefore, to relieve the defendant from liability for losses which resulted solely from such delay as was not caused by the negligence of the defendant and its servants. For all losses resulting from any delay caused by the negligence of the defendant or its servants, the defendant is liable, notwithstanding the special contract.

1. CARRIERS: contracts for exemption from liability: negligence

It is the duty of a common carrier to provide sufficient facilities and means of transportation for all freight which it should reasonably expect will be offered, but it is not bound to provide in advance for extraordinary occasions, nor for an unusual influx of business which is not reasonably to be expected. When an emergency arises and more business is suddenly and unexpectedly cast upon a carrier than he is able to accommodate, unless the carrier decline to receive the excess offered, some shippers must necessarily be delayed; yet if the carrier do receive the goods without notice to the shipper of the circumstances likely to occasion delay, or fail to obtain his assent, express or implied, to the delay, he will·

2. ——: duty as to providing facilities for transportation.

be bound to transport the goods within a reasonable time, notwithstanding such emergency. When the facilities of the carrier are adequate to the business reasonably to be expected, the delay caused by the emergency cannot of course be regarded as a delay caused by the negligence of the carrier. Under this view of the law the instruction asked by the defendant, and refused by the court, should have been given, as there is no pretense that the defendant's road was not properly equipped for the transportation of its usual and ordinary business.

The first instruction given at the request of the plaintiff is faulty in allowing a recovery for a failure to transport the sheep in a reasonable time, although the delay may not have been occasioned by the negligence of the defendant. It authorizes a recovery if the defendant undertook to transport the sheep "within a reasonable time and failed to do so." This portion of the instruction is inapplicable to the case made by the pleadings and the evidence.

The second instruction for plaintiff should be modified so as to restrict the finding of the jury to the damages resulting from such delay as was occasioned by the negligence of the defendant as distinguished from the damages, if any, resulting solely from the delay caused by the unusual influx of business.

The fourth instruction given for plaintiff requires some qualification. Delay occurring as therein stated would not be a negligent delay, although, in the absence of a special contract of exemption, the defendant might be liable therefor. In view of the contract in this case it was manifestly improper.

As the cause must be re-tried, we deem it proper to say that we regard the instruction given for the defendant 3. —— : ——. as erroneous. But for the special contract set up by the defendant, the receipt of the sheep and the unqualified agreement to transport them would have imposed upon the defendant the duty to carry and deliver within a reasonable time, regardless of the extraordinary

and unexpected pressure of business on defendant's road.

For the errors indicated, the judgment will be reversed and the cause remanded. All the judges concur.