EBENEZER BIRNEY, Respondent, v. WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 8, 1886.**

1. COMMON CARRIER—CONTRACT FOR TRANSPORTATION OF STOCK—MEAS-URE OF DAMAGES FOR BREACH.—Where a contract was made for the furnishing of a stock car, for the purpose of transportation of live stock, and an agreement to pay the regular ordinary price for said car, upon a refusal to furnish the car and to ship the stock by the railroad company, the measure of damages is the difference between the market price or value of plaintiff's property at the destination to which it was to have been carried, at the time it would have arrived there, if the carrier had performed its contract, and its value, at the same time, at the place from which it was to have been carried.

2. ——— ——— CONTINGENT PROFITS—CASE ADJUDGED.—The opinion of the shipper as to what he would have made, if the contract of shipment had been performed, is no proof, at all and as there was no evidence of the market price of stock, either at the point of shipment or of destination, there is no sufficient proof of damages.

APPEAL from Schuyler Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

The case and facts are sufficiently stated in the opinion of the court.

GEO. S. GROVER, for the appellant.

I. The petition is defective. The statute requiring railroad companies to transport mixed live stock in the same car was not pleaded. *Walthen v. Warner*, 26 Mo. 146. No breach of duty on the part of defendant is averred. *Field v. Railroad*, 76 Mo. 616; Sess. Acts Mo. 1881, p. 82.

II. Plaintiff was not entitled to demand transportation for his stock without pre-paying the freight charges.

The testimony here is, that nothing was said by either party, about paying charges. Angell on Carriers, sect. 134; Hutch. Car., sect. 116; Story Bailments, sect. 586.

III. Contingent profits, such. as were recovered in this case, should never be allowed. There was no proof of the market value at the place of proposed sale. 1 Suth. Dam. 106; 1 Sedg. Meas. Dam. 112; Hutch. Car., sect. 773; *Taylor v. McGuire*, 12 Mo. 318; *Min. & M'f'g Co. v. Clark*, 32 Mo. 305; *Lewis v. Ins. Co.*, 61 Mo. 534; *Wilson v. Weil*, 67 Mo. 399.

E. L. FRENCH, for the respondent.

I. Tender of freight charges was not necessary, unless the company had received the stock and demanded payment of charges. Hutch. Car., sect. 116; *Deichmann v. Deichmann*, 49 Mo. 107.

II. The measure of damage or loss, in this case, is the difference between the market value at the place of destination, at the time the stock would have arrived there, if it had been received and shipped by defendant, and their market value, at the same time, at the point of shipment. Wood's Mayne on Damages, sect. 379; Hutch. Car., 769, 770, 774; *Atkisson v. Steamboat, Castle Garden*, 28 Mo. 124. The estimate of plaintiff was based on this difference, and should be received as true and correct, since nothing appears to the contrary. There was no objection made at the trial to any of the testimony, and as it tends to establish the amount of loss, the verdict should not be disturbed.

ELLISON, J.—This action was commenced before a justice of the peace in Schuyler county, Missouri. The cause of action was as follows:

"Plaintiff states that on the seventeenth day of March, 1883, he ordered from the defendant, through its station agent at Lancaster station, one stock car for the purpose of transportation, the live stock to be furnished at defendant's said station on the twentieth day of March, 1883. That said car being furnished at the time

and place as agreed, plaintiff presented his stock, consisting of twenty-three hogs, sixteen cows and ten calves, at the station aforesaid, for the purpose of having the same shipped from said town of Lancaster to Alexandria, Missouri, and that said agent denied plaintiff the privilege of putting said stock in the car which plaintiff had ordered as aforesaid, and refused to ship said car load of live stock, although requested so to do by the plaintiff, who had agreed to pay the regular ordinary price for said car, and was ready and willing to pay therefor, at the time and place aforesaid. Plaintiff says that by reason of said refusal, and the failure to ship said car load of mixed stock on the part of defendant, he is damaged in the sum of fifty dollars, for which he prays judgment with costs."

There was a judgment in favor of plaintiff, and defendant appeals. On the trial the following portion of plaintiff's evidence is all there was on the subject of damages:

"*I think if I had been allowed to ship the stock I could have made fifty dollars more than I sold the stock for. I calculate I could have made at least twenty-five dollars on the hogs by shipping them.*"

*There was no evidence as to market price of stock in Alexandria, or in Lancaster.*

We do not consider this as sufficient proof of damages. It is no proof at all under the legal rules governing in such cases. The measure of damages to which plaintiff was entitled was the difference between the market price or value of his property at the destination to which it was to have been carried, at the time when it would have arrived there if the carrier had performed his contract, and its value at the same time at the place from which it was to have been carried. Hutchinson on Carriers, sect. 774.

The judgment is reversed and the cause is remanded. All concur.