JAMES R. HANCE, Respondent, v. WABASH & WESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 9, 1895.

1. **Practice, Appellate:** RES ADJUDICATA. When a cause is appealed for the second time, the questions of law decided on the first appeal are not open for discussion on the second.

2. **Common Carriers:** RIGHT OF ACTION IN CONSIGNOR. When under a contract for the sale of goods they are to be delivered at a distant place, and they are transported thither by a carrier selected by the vendor, but the vendee refuses to receive them on account of their having been injured in transit, the vendor is the proper party to sue for the injury.

3. ———: DAMAGES. In such case the damages are, in the absence of a special stipulation to the contrary, to be measured according to the market value of the goods at the point of their destination.

4. **Principal and Agent:** RATIFICATION: LAW AND FACT. An instruction is erroneous, if it declares that acts which are equivocal amount as a matter of law to the ratification of an alleged agency.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*F. W. Lehmann* and *Geo. S. Grover* for appellant.

(1) Having sold the property here sued for to the consignee named in the bill of lading, the plaintiff has

no further interest in it, and can not maintain this action. *Comstock & Co. v. Affoetter*, 50 Mo. 411; *Graff v. Foster*, 67 Mo. 512; *Armentrout v. Railroad*, 1 Mo. App. 158; *Ober v. Railroad*, 13 Mo. App. 81; *Lindmer v. Meyberg*, 27 Mo. App. 181; *Meyer Bros. v. McMahan*, 50 Mo. App. 18; *Harding v. Manard*, 55 Mo. App. 364; Hutchinson on Carriers [2 Ed.], sec. 720, p. 864, and cases cited; Benjamin on Sales [1 Am. Ed.], secs. 373 and 374, p. 304, and cases cited; Angell on Carriers [4 Ed.], sec. 497, p. 416, and cases cited; Redfield on Carriers, sec. 322, p. 235, and cases cited; Story on Bailments [9 Ed.], sec. 589, p. 575, and cases cited in note; Porter on Bills of Lading, secs. 471 and 472, and cases cited; Story on Sales, sec. 306, p. 246, and cases cited; 2 Am. and Eng. Encyclopedia of Law, p. 920, and cases cited. (2) The correspondence between the plaintiff and the defendant's freight agent did not amount to a contract of shipment. *Crouch v. Railroad*, 42 Mo. App. 248. (3) Even if it was true, as it was not, under this testimony, that plaintiff's bookkeeper had no authority to execute the bill of lading in evidence, yet, when plaintiff accepted it after its execution, and forwarded it to the consignee, he ratified her act, and, therefore, became bound by it. *First Nat. Bank v. Gay*, 63 Mo. 33; *Ferris v. Thaw*, 72 Mo. 446; *Ellison v. Weathers*, 78 Mo. 115; *Gibson v. Zeibig*, 24 Mo. App. 65; *Ferneau v. Whitford*, 39 Mo. App. 311; Story on Agency, secs. 73, 92, 104, 253, and cases cited; Porter on Bills of Lading, sec. 163, and cases cited; *Fahy v. Springfield Grocer Co.*, 57 Mo. App. 73. (4) Under the special contract in evidence the defendant was not liable in this action, as the injury sued for occurred upon the connecting line after the defendant company had safely transported the property over its own railway. *Nines v. Railroad*, 107 Mo. 475; *Hance*

*v. Railroad*, 56 Mo. App. 476; *McCann v. Eddy*, 27 S. W. Rep. 541.

*J. D. Barnett* for respondent.

ROMBAUER, P. J.—This is an action brought by a consignor against a common carrier for violation of its common law duties in the transportation of ten tons of tow or excelsior from Montgomery City, Missouri, to Boston, Massachusetts. The tow was injured by fire while in transit, and while in the possession of a connecting carrier in the state of Ohio. The cause of the fire being unexplained, the plaintiff claims he is entitled to recover from the defendant under the provisions of chapter 26, of the Revised Statutes of 1889, since the goods were received by the defendant for through transportation. The defendant claims that the goods were received by it under a special contract, limiting its liability to its own line and exempting it and its connecting carriers from liability for losses caused by accidental fire.

The action was instituted in October, 1889, and has been tried thrice. On the first trial the plaintiff recovered a verdict, which the court set aside as opposed to the weight of the evidence. On the second trial the plaintiff again recovered judgment, which we vacated on appeal on the ground of erroneous instructions. *Hance v. Railroad*, 56 Mo. App. 476. On the third trial the plaintiff also recovered judgment, and the defendant again appeals and assigns for error that the judgment is erroneous on the uncontrovered facts, and that the court again erred in its instructions to the jury. It is evident from the foregoing statement that, unless material error has intervened in the last trial of the cause to the prejudice of the appellant, or, in other words, unless the trial court disregarded the instruction

of this court in such retrial, the judgment should be affirmed. *Interest reipublicæ ut sit finis litium.*

It is a rule of appellate procedure in this state that, where a cause is appealed for the second time, the questions of law decided on the first appeal are not open for discussion on the second. *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Chouteau v. Gibson*, 76 Mo. 38; *Bevis v. Railroad*, 30 Mo. App. 564. When this case was here on the first appeal we said, in remanding the cause: "On a retrial of the cause, the following issues should be submitted to the jury by the evidence and instruction: Were the goods carried under the special contract relied on by the defendant, or were they carried without any special contract? If they were carried under the special contract, and the loss occurred beyond the terminus of defendant's line, the plaintiff can not recover. If carried without a special contract, the plaintiff is entitled to recover the value of the goods at Boston at the time when they should have arrived there in due course of transportation, less freight remaining unpaid, and this regardless of the place where the loss happened." If the defendant was then dissatisfied with this formulation of the issues, it should have asked that the opinion be modified, which it failed to do.

The first point made on this appeal is that the plaintiff has no legal capacity to sue, because the title to the goods shipped was at the date of injury not in him, but in the consignee. No such point was made in the defendant's answer, nor is it raised upon the record in any other manner than by instruction. Conceding that on this point the opinion on the former appeal is not conclusive, yet we can not see how it is available to the defendant. The evidence in this case is uncontradicted that the goods were sold, deliverable at Boston, that the consignor chose a carrier of his own selection, and that the consignee refused to receive the

goods upon their arrival in Boston in their injured condition.    Under these circumstances the consignor is the proper party to sue for a loss or injury to the goods. *Steamboat Keystone v. Moies*, 28 Mo. 243; *Atchison v. Railroad*, 80 Mo. 213; *Bergner v. Railroad*, 13 Mo. App. 499.    The cases cited by appellant refer to the respective rights of the vendor and vendee as against each other, which are determined by considerations different from those determining the rights of the consignor against the carrier.

The defendant also complains that the court erred in its other instructions to the jury.    These instructions are in substantial conformity with our opinion on the former appeal.    On the measure of damages the court instructed the jury for plaintiff as follows:

"If the jury find for the plaintiff, under the above instructions, the verdict will be for the value of that part of the goods shipped, shown by the evidence to be destroyed, and also for the amount of injury done to the remaining goods; *that is to say, according to the market value of said goods at the point of destination at the time said goods should, in the usual course of transportation, have arrived there.*"

The part of the instruction, which is italicized, is complained of.    The jury were told in other instructions, given on behalf of both parties, that the plaintiff could not recover if the goods were shipped under the special contract set up in the answer.    No just exception can, therefore, be taken to this instruction, which simply stated the true measure of damages in the absence of a special contract.

The defendant also complains that the court erred in refusing the following instruction:

"If the jury find from the evidence in this case that the witness, Nellie Donaldson, was in the employ of the plaintiff at the time and place in question, and

that she was in the habit of preparing bills of lading, and giving shipping directions for the plaintiff for shipments made by him over defendant's railroad, and that she prepared the bill of lading in evidence for the shipment here in question, and that plaintiff accepted said bill and forwarded the same to the consignees in Boston, then they are instructed that the act of said Nellie Donaldson in executing said bill of lading was ratified and adopted by plaintiff, and that he became bound thereby."

There was no direct evidence that the plaintiff had any knowledge, until after the injury to the goods, that Miss Donaldson had shipped them under a special contract. There was no evidence at all that the defendant in person had accepted the contract and forwarded it to the consignees. The jury could not be told that acts, which at most were equivocal, amounted to a ratification as a matter of law. In other respects, the instructions are in strict conformity with our ruling on the last appeal.

While the evidence in the case was slightly at variance from that given on the preceding trial, the variance was one which affected the weight of the evidence and not its character. We could not disturb the verdict, however much the evidence preponderated in favor of the defendant, since one verdict rendered in the case had already been vacated on that ground.

All the judges concurring, the judgment is affirmed.