GEO. I. GANN, Respondent, v. CHICAGO GREAT
WESTERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 23, 1896.**

**Contracts:** EVIDENCE: MUTUALITY. To constitute an agreement
there must be the assent of the promisee, and in this case the
evidence fails to show that the defendant's agent agreed with plain-
tiff to furnish the requested cars for shipping his stock at any definite
time, and the case should not have been submitted to the jury.

*Appeal from the Platte Circuit Court.*—HON. W. S.
HERNDON, Judge.

REVERSED AND REMANDED.

*James Black, Pratt, Ferry & Hagerman* for appel-
lant.

Plaintiff has no case. The demurrer asked by
defendant, should have been given.

*T. A. Squires* and *J. W. Coburn* for respondent.

Unavoidable accidents and detentions will not
relieve the company from liability, where, as in this
case, the contract was to ship on a certain day. *Mil-
ler v. Railroad*, vol. 1, No. 15 App. Rep; *Harrison v.
Railroad*, 74 Mo. 364; *Tucker v. Railroad*, 50 Mo. 385;
*Faulkner v. Railroad*, 51 Mo. 313.

SMITH, P. J.—This is an action which was begun
before a justice of the peace. It is alleged by the
plaintiff, in the statement of his cause of action, that
on the eighth day of March, 1894, he entered into an
agreement with the defendant for two cars to be loaded

with thirty-eight cattle and placed in transit at 1 o'clock P. M. of that day, at Dearborn station, for Kansas City. Certain breaches of this agreement were assigned in said statement, by which it was alleged that plaintiff had suffered damages, etc.

There was a trial in the circuit court, where plaintiff had judgment and defendant appealed.

The defendant contends that the circuit court erred in refusing the instruction requested by it, which told the jury that under the pleadings and the evidence, the verdict should be for it. By reference to the evidence it will be seen that the plaintiff testified that on the seventh day of March, 1894, he told defendant's agent at Dearborn that he wanted to ship three cars of stock on the following day. Sampson, who was in the employ of Watson, the station agent, though not in that of the defendant, testified that plaintiff, on March 7, came to him in the defendant's depot and said: "Tell Jim (meaning the defendant's agent, who was out) I want three cars for Kansas City, two for cattle and one for hogs." The witness further testified that he delivered plaintiff's message to Jim and placed the former's order on the book. That this evidence falls far short of proving the agreement alleged in the statement of plaintiff, or any agreement at all, is so obvious that we need not stop to analyze the same.

Recurring again to the plaintiff's testimony and it will be further seen that on the eighth day of March, the day following that on which the plaintiff had left a request with Sampson for cars already referred to, he (plaintiff) "ordered three cars from the defendant to ship cattle in." "The order was made at 11 o'clock and the cars were to be ready on the evening of that day." The defendant's station agent, Watson, testified that on the morning of the eighth day of March the plaintiff came to him and said: "I am going for

those steers to-day. When can you have a train for me?" On being informed that number 94, a loaded train, was due at 1:12, he said: "that will fix me." "I want my cattle to get in that train." The witness further testified that at 11 o'clock, plaintiff's cattle came in and he spoke to the witness about the train. He asked at what time he would have a train.

The foregoing is all and the only evidence of the agreement alleged in the plaintiff's statement. Does this evidence tend to prove that the plaintiff entered into a verbal agreement with the defendant, whereby the latter bound itself to furnish three cars and to receive and ship therein the former's stock, at 1 o'clock p. m. on the eighth day of March, 1894?

It is an elementary principle of the law of contracts, that to constitute an agreement there must be the assent of the promisee—there must be mutuality of obligation. *Brown v. Rice*, 29 Mo. 322. Testing the evidence by this rule and it is clear that it does not disclose all the essential elements of an agreement. Nowhere does it appear that defendant's agent promised to furnish the plaintiff the cars requested by him and to receive his stock and ship the same at any specific time. On the seventh day of March, the plaintiff, according to his own testimony, only told defendant's agent that he wanted to ship three car loads of stock on the following day. There was no promise made by the defendant's agent that he would furnish the cars on that day, or, if so, that he would ship the plaintiff's cattle therein, on any particular day. On the next day, however, the plaintiff requested the defendant to furnish him three cars by 1 o'clock that day, in time for the freight train due at that time. But there is no evidence that the defendant's agent made any promise whatever to comply with plaintiff's request. The plain inference to be drawn from the

evidence is that the plaintiff, being informed of the time of the arrival of the freight train bound that day for Kansas City, requested the defendant's agent to provide cars for the shipment of his cattle in that train. It does not appear that the defendant's agent undertook to bind defendant to ship the plaintiff's stock, at 1 o'clock P. M. on the eighth day of March, whether the freight train, due at that time, arrived on time or not.

We can not discover that the evidence tends to prove any more than that the plaintiff requested, and the defendant, by its agent, impliedly promised to furnish the plaintiff the requested cars in time for the shipment of his stock in the freight train expected to arrive on that day at 1 o'clock. There is a total lack of evidence tending to show that the defendant verbally agreed to ship the plaintiff's stock on the eighth day of March, 1894, or at any other specified time. Conceding to the plaintiff every fact which the evidence tends to prove and every inference of fact which could have been logically deduced therefrom by the jury, and still we think the evidence was not sufficient to warrant the submission of the case, and for that reason the defendant's instruction should have been given.

The judgment will accordingly be reversed and cause remanded. All concur.