GEORGE I. GANN, Respondent, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 1, 1897.

1. **Common Carriers**: PRINCIPAL AND AGENT: STATION AGENT: SCIENTER. When a station agent of a railroad company makes a contract of shipment within the scope of his apparent authority, he binds the company though he exceed his authority; and the company to absolve itself from the liability of the contract must show that the party with whom the contract was made had knowledge that the agent acted beyond his authority.

2. ——: BREACH OF CONTRACT: NEW CONTRACT: RELEASE. Where a common carrier violates its verbal contract to ship cattle at a certain time, a subsequent receipt and transportation of such cattle under a written contract does not release the damages for the breach of the former contract in the absence of a stipulation so providing.

3. ——: MEASURE OF DAMAGES: FAILURE TO SHIP ON TIME: INSTRUC-TIONS. The measure of damages against a carrier for failure to ship at the time contracted is the difference of the market price at the place of destination when the shipment should have arrived and when it did in fact arrive. Following *Wilson v. R'y*, 66 Mo. App. 388, instructions reviewed and compared.

4. ——: ——: ——: ——. To the above damages there may in proper cases be added allowance for loss in weight of cattle as well as for any physical injury resulting from nonshipment at the specified time which diminished the selling price on the market.

5. ——: PLEADING: CONTRACT: NEGLIGENCE. A declaration pleaded a verbal contract to furnish cars at a given time and then proceeded to allege that the defendant negligently failed to perform its contract. *Held*, the negligence alleged was surplusage and could not convert the action on the contract into an action for negligence.

6. ——: CONTRACT: ACCIDENT: NO EXCUSE. A carrier who agrees to transport cattle at a given time can not excuse his nonperformance on the ground that his train broke down, etc. He should provide against such contingency in his contract.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

*A. D. Burnes, Edward C. Wright* and *Frank Hagerman* for appellant.

(1) In the common law action for negligence, if the shipment went through on the first train, this was a sufficient performance of duty. *Smith v. R. R.*, 18 S. E. Rep. 977; and if in such a case the train be delayed by an unavoidable wreck on the road, there is no liability because there is no negligence. Hutchinson, Carriers [2 Ed.], secs. 328, 330; *R. R. v. Arnold*, 40 S. W. Rep. (Tex.) 829; *R. R. v. Sherwood*, 31 N.

E. Rep. (Ind.) 781; 4 Elliott on Railroads, 1549; *Garrison v. Trans. Co.*, 94 Mo. 130, 138; *Waldhier v. R. R.*, 71 Mo. 514; *Price v. R. R.*, 40 Mo. App. 189; *Madden v. R. R.*, 50 Mo. App. 666; *Jones v. Loomis*, 19 Mo. App. 234. (2) Any parol contract was merged in the written contract. *Leonard v. R. R.*, 54 Mo. App. 293; *Plumb v. Cooper*, 121 Mo. 676; *Brown v. Wabash*, 18 Mo. App. 568; *R. R. v. Cleary*, 77 Mo. 634; *Dawson v. R. R.*, 76 Mo. 514; *Dawson v. R'y*, 79 Mo. 300; *Tracy v. Union Works*, 29 Mo. App. 342, 358; *Brown v. R'y*, 18 Mo. App. 568, 574; *Moore v. Henry*, 18 Mo. App. 41; *Turner v. R'y*, 20 Mo. App. 635; *Craycroft v. R'y*, 18 Mo. App. 487, 494.

*T. A. Squires* and *Jas. W. Coburn* for respondent.

(1) One defense of appellant is that the train on which the cattle were to be shipped broke down before it reached Dearborn station from which the cattle were to be shipped. As the contract was to ship the cattle upon a day certain, unavoidable accidents will not relieve the contracting company from liability. *Harrison v. R. R.*, 74 Mo. 364; *Miller v. R. R.*, 62 Mo. App. 252. (2) The verbal contract was not merged in the written contract subsequently made. See above cases. *Leonard v. R. R.*, 54 Mo. 293. (3) The verbal contract made by the agent was binding upon the appellant. *Miller v. R. R.*, 62 Mo. App. 252. (4) A statement before a justice must advise the defendant with what he is charged, and be sufficiently definite to bar another action. Beyond this no formal precision is requisite. *Eahlgren v. Yocum*, 44 Mo. App. 277.

SMITH, P. J.—This cause was here on a former occasion and is reported in 65 Mo. App. 670. By

reference to the report of the case there to be found, it will be seen that it is an action by plaintiff against defendant to recover damages on a verbal contract whereby the latter agreed to furnish the former two cars to be loaded with cattle and by such latter placed in transit at 1 o'clock P. M. of March 8, 1894. The judgment was on the former appeal reversed and cause remanded because the evidence contained in the record fell short of proving the agreement alleged in the plaintiff's statement. The cause has been again tried in the circuit court, resulting in another judgment for plaintiff.

STATEMENT.

At the second trial it seems that the plaintiff in a measure supplied the deficiency in the proof, on account of which we reversed the judgment on the first appeal. The proof of the agreement presented by the present record we think justified the submission to the jury.

The defendant objects that its station agent was without authority to enter into the said verbal contract with defendant. No such objection was made and preserved in the trial court, but if it was it can not avail defendant in view of the rulings made in *Wilson v. R'y*, 66 Mo. App. 388, and the other cases there referred to. It is true that after the breach of such contract had occurred the plaintiff entered into a written contract of affreightment with the defendant for the carriage of the former's cattle to Kansas City. It is also true that one of the rules of defendant, printed at the head of the sheet containing the written contract, was as follows: "Agents of the company are not authorized to agree to forward live stock for delivery at any specified date nor within any specified time." But it was not proved that the plaintiff had knowledge of this rule when he entered into the verbal contract with the defendant's station agent.

COMMON carriers: principal and agent: station agent: scienter.

It is well settled that where a station agent, clothed with the power and whose duty it is, as here, to receive and forward freight, and who makes a contract within the scope of his apparent authority, thereby binds the company he represents, although he may have exceeded his authority; and when such company seeks to absolve itself from liability under such contract, on the ground that its agent, though apparently authorized to make it, in fact had no such authority, *it must show that the party with whom the contract was made had knowledge of the fact that the agent was acting beyond his authority. Miller v. R'y*, 62 Mo. App. 252; *Pruitt v. R'y*, 62 Mo. 540; *Harrison v. R'y*, 74 Mo. 364.

The defendant's further contention is that the parol contract was merged in that written. But we do not think this contention can be sustained. When the written contract was entered into the breach of the verbal contract had occurred. The subsequent receipt and transportation of the plaintiff's cattle under the written contract could not have the effect to release the damages accruing on the verbal contract in the absence of a stipulation in the written contract so providing. This case is dissimilar to that of *Leonard v. R'y*, 54 Mo. App. 293, where there was no breach of the verbal contract but of the subsequent and superseding written one, but similar to that of *Miller v. R'y*, 62 Mo. App., *supra,* where there was a breach of the verbal contract before the written contract was entered into. The ordinary rule no doubt is that when a shipper enters into a valid verbal contract of affreightment with the carrier and that subsequently a written contract is entered into that the latter will supersede and do away with the former, but the rule is different where there has

——: breach of contract: new contract: release.

been a breach of the verbal contract and damages have resulted therefrom.

In *Harrison v. R'y*, 74 Mo. 364, the defendant offered in evidence a written contract of affreightment entered into on the twenty-sixth day of June and requested the court to tell the jury, by an instruction, that the verbal contract for furnishing cars on the twenty-fifth day of June was merged in the written contract and that the plaintiff could not recover. The court, in the course of its opinion, say this instruction was properly refused, on the ground that the breach of the verbal contract occasioning the damages for which plaintiff sued had occurred before the written contract was entered into and there was nothing in the latter amounting to a release of defendant from liability for such breach, nor was there anything in such latter indicating that such was the intention or that the plaintiff had waived any right already accrued. It related entirely to the future and not to the past.

There is nothing in the written contract in the present case amounting to a release from the liability arising out of a breach of the verbal contract, nor indeed is there anything indicating such an intention, or that plaintiff waived any right that had accrued.

The defendant further contends that the measure of damages was the difference, less the freight, between the value in the Kansas City market at the time the cattle should have arrived there, had the defendant performed the verbal contract, and the value at the same time at Dearborn, the place of shipment. This rule finds countenance in *Berry v. R'y*, 20 Mo. App. 470, and in *Gelvin v. R'y*, 21 Mo. App. 281, but in the recent case of *Wilson v. R'y*, 66 Mo. App. 388, it was examined in the light of the authorities and the conclusion was reached by us that it was in those two cases incorrectly

———: measure of damages: failure to ship on time: instructions.

stated. The correct measure of damages in such case is the difference in the market price at the place of destination between the time when the shipment should have reached such destination, had the shipment been made according to the terms of the contract, and the time when it did so.

The defendant requested an instruction telling the jury that "in ascertaining the damages on account of the delay in the transportation of plaintiff's stock you should fully take into consideration the market price of such cattle on their arrival at Kansas City, on March 9, 1894, and their market price at the time that they should have arrived at Kansas City, if there had been no delay in the transportation. The difference in the market price of said cattle at the time that they should have arrived at Kansas City, and the time they actually did arrive there, would be the damages that plaintiff sustained on account of delay in transportation." This instruction was refused. It embodies the rule as we have stated it to be. It is, as is seen, at variance in its enunciation with the contention of the defendant, as stated by us and set forth in its brief. It should have been given, and especially so since that given for the plaintiff is quite faulty.

It told the jury "to find for the plaintiff the decrease in value of said cattle in the market at Kansas City at the time of their arrival there for market on account of the failure in shipment," etc. It is obvious that it does not go far enough. It does not, as it should, tell the jury to find the difference in the market price at Kansas City between the date when the cattle should have reached there had defendant complied with its verbal contract and that on which it did arrive there.

It is proper to remark here that we think that in addition to the difference in the price at the market

already stated, the plaintiff would be entitled to recover for any shrinkage or loss in the weight of his cattle, as well as for any physical injury occasioned without the fault of plaintiff by reason of their non-shipment at the time specified in the verbal agreement and which had the effect to diminish their selling price on the market.

The defendant strenuously insists that the action is for common law negligence. We do not so understand it. It is, as we think, an action on a verbal contract for furnishing cars and placing them, when loaded, in transit at a specified time, and that in consequence of the breach of such contract the plaintiff was damaged. It is true that in the statement, after alleging the contract, it is further alleged that the defendant *negligently* failed to perform the contract on its part and otherwise negligently conducted itself in the premises. But such characterization of defendant's default did not have the effect to convert the action from contract to one of common law negligence. The descriptive term thus employed by the plaintiff was superfluous. The statement would have been just as well without it.

The action being then on contract it must be conceded that the breaking down and failure of the defendant's train to arrive and transport the plaintiff's cattle according to the contract is not available to defendant as an excuse for its non-performance of the contract. If the defendant had desired to exempt itself from liability for the consequences of such an occurrence it should have so provided in its contract. But not having done so, the failure of the train to arrive, no difference for what cause, did not exempt the defendant from liability for the injurious consequences resulting

to plaintiff from the non-performance of the contract by it. *Harrison v. R'y, supra; Miller v. R'y, supra.*

The judgment, on account of the errors already noticed, must be reversed and cause remanded. All concur.