## JOHN SLOOP, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

### Kansas City Court of Appeals, April 7, 1902.

1. **Common Carriers: SHIPPING CATTLE: NEGLIGENCE.** A carrier receiving fatted cattle to transport to the market, while not required to keep them in the same train in which they started, is bound to use due diligence to carry and deliver them in a reasonable time.

2. ———: ———: REASONABLE TIME: JURY QUESTION. Reasonable time is a mixed question of law and fact, which under proper instructions should go to the jury, unless the evidence is uncontroverted leaving no question for the jury.

3. ———: ———: ———: EVIDENCE. Where the shipper shows that the train in which his cattle started arrived in due time but the one to which they were transferred after being left detached on the wayside arrived too late for the market, he establishes a prima facie case, and the burden is on the carrier to excuse the default.

4. ———: ———: DECLINE IN PRICE: JURY QUESTION. Where the shipper's evidence tends to show a late arrival, inability to secure a purchaser, expenses in carrying stock over to the next day, and a decline in the price, he is entitled to go to the jury.

5. ———: ———: MEASURE OF DAMAGES. The measure of damages for negligently failing to deliver cattle in time for the market is the difference between the market price when they should have arrived and at the time they did actually arrive on the market or the first market at which they could be sold.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Saxbury, Fogle & Eason* for appellant.

(1) The only question before this court is: Did the trial court err in giving defendant's instruction in nature of a demurrer to plaintiff's evidence? The rule is thus: Where there is any evidence, however slight it may be, and whether it be direct or inferential, its weight and sufficiency must be determined by a jury. Twohey v. Fruin 96 Mo. 104; Keown v. Railroad, 141 Mo. 86; George v. Railroad, 40 Mo. App. 433; Taylor v. Short, 38 Mo. App. 21; McQuillins Pleading and Practice, sec. 796; Thompson on Trials, sec. 2246, and many Missouri cases cited thereunder. (2) Even though the court might be of the opinion that the weight of the evidence was altogether insufficient to permit the cause to go to the jury, it has no right to say so. Gannon v. Gas Co., 145 Mo. 502; Bowen v. Lazalere et al., 44 Mo. 383; Herriman v. Railroad, 27 Mo. App. 446. (3) The instruction offered admits everything which the evidence fairly tends to prove, including every inference of facts deducible therefrom, which a jury might with propriety have inferred. Davis v. Clark, 40 Mo. App. 515; Walton v. Railroad, 32 Mo. App. 634; Young v. Webb City, 150 Mo. 333; Bank v. Simpson, 152 Mo. 638; Bueschling v. Gas Light Co., 73 Mo. 219; Smith v. Hutchinson, 83 Mo. 683. (4) When two or more facts are established by plaintiff, from which other facts tending to support his case may be inferred, the court should not direct a verdict. Walton v. Railroad, 32 Mo. App. 634; In re Ripp (Mich.), 29 N. W. 517. (5) If plaintiff's evidence made a prima facie case, then instruction No. 1 should not have been given. Finch v. Ullman, 105 Mo. 255; Gannon v. Gas Co., 145 Mo. 502; Bowring v. Railroad, 90 Mo. App. 324. (6) The burden to overthrow this was upon defendant. Gibson v. Zimmerman, 27 Mo. App. 90; Dowling v. Allen, 6 Mo. App. 195; s. c., affirmed in 74 Mo. 13; Gannon v. Gas Co., 145 Mo. 502. (7) There was a difference of five hours in the

arrival of plaintiff's cattle and those of John B. Sloop's. All were in Decatur in same train at same time. Why this difference? This was a question that should have been answered by the jury. Olsen v. Railroad, 152 Mo. 426; Hance v. Express Co., 48 Mo. App. 179; Haynes v. Railroad, 54 Mo. App. 582; Witting v. Railroad, 101 Mo. 641; Schureman v. Railroad, 88 Mo. App. 183, and cases therein cited.

*Geo. S. Grover* for respondent.

(1) The defendant was not bound to keep the cars, containing plaintiff's cattle moving onward in the same train at all events. Clark v. Railroad, 39 Mo. 184. (2) The undisputed evidence shows that plaintiff's commissionmen held his cattle over another day, with a view of speculating upon an expected advance in price, which did not materialize. For this error in judgment on the part of his agents the plaintiff is not, as the learned judge below correctly held, entitled to recover. Perry v. Railroad, 89 Mo. App. 49.

SMITH, P. J.—It was alleged in the petition that on October 10, 1900, the plaintiff delivered to the defendant fifty-two head of fat cattle which the latter agreed, for and in consideration of certain charges, to safely and quickly carry from Queen City, in this State, to Chicago, in the State of Illinois, within a reasonable time after the delivery thereof. It was therein further alleged that had said cattle been carried to the point of destination within a reasonable time they would have reached there in time to be sold on the morning market of the next day—October 11—but that defendant so carelessly and negligently conducted itself in the premises that it did not complete said carriage within a reasonable time, nor in time for said cattle to be sold on said morning market of October 11; in consequence of which plaintiff was compelled to hold said cattle until the following day—October

12; that the morning market at said point had in the meantime declined twenty cents on the hundred pounds, at which reduced price plaintiff was compelled to sell his said cattle on said October 12; and that by reason of such delay in the carriage and the fluctuation in the market price, plaintiff lost $137.46; and that by reason of such delay plaintiff was compelled to lay out certain sums of money for feed for said cattle, etc.

It appears from the evidence that plaintiff's cattle were loaded into three cars and those of John B. Sloop, another shipper, in four cars. The seven cars were hauled on a special train which started from Queen City at five o'clock on the morning of October 10, 1900. This train arrived at Chicago about seven o'clock on the next morning—October 11—with the four cars carrying the cattle of John B. Sloop, but the cars carrying plaintiff's cattle were left somewhere between Hannibal and Chicago and did not reach the latter place until 9:45, nor the stockyards until 10:05 of that morning. It appears further that it requires from forty-five minutes to two hours to get a shipment of cattle, after its arrival, in condition to be offered for sale on the market. It still further appeared that plaintiff's cattle arrived too late to be offered or sold on the morning market, and though the market on that day remained open until three o'clock in the evening, neither the plaintiff nor his commission merchants could find a purchaser for them so that plaintiff was compelled to carry them over to the next day and to purchase feed for them at a considerable outlay. There was also some evidence introduced tending to show that the market price of cattle of the class to which plaintiff's belonged had declined about twenty cents on the hundred pounds between the day they arrived and the following day.

At the conclusion of the plaintiff's evidence the court gave an instruction which declared to the jury that upon the pleadings and evidence the plaintiff was not entitled to recover;

and this action of the court is made the basis of the plaintiff's assignment of error, which, if sustained, must accomplish the reversal of the judgment.

It has been seen that the action is founded on a contract of affreightment to carry the plaintiff's cattle to the place of destination within a reasonable time, and not within or by a specified time. The plaintiff's cattle were fat and he with the other shipper was given a special train so that a rapid transit could be effected to the market to which such cattle were destined. Defendant was cognizant of the conditions which required that it should accomplish the transit in as short a time as it could be reasonably done by the exercise of diligence and care. Leonard v. Railroad, 54 Mo. App. 294. And while the defendant was "not bound to keep the cars moving onward in the same train at all events," it was bound to use due diligence and to carry and deliver the cattle in a reasonable time. Clark v. Railroad, 39 Mo. 185; Rankin v. Railroad, 55 Mo. 167; Dawson v. Railroad, 79 Mo. 296.

The general rule is, that what is a reasonable time is a mixed question of law and fact which, under proper instructions of the court, should be submitted to the jury. One of the exceptions to which this rule is subject is where the uncontroverted evidence so clearly proves the issue that there is really no question in respect to it to be submitted to the jury. In such cases, the question may be treated as one of law and passed upon by the court without any encroachment on the province of the jury. Skeen v. Thresher Co. 34 Mo. App. 485, and authorities there cited.

We can not think that the facts of this case bring it within the exceptions just mentioned. The special train, of which the cars carrying plaintiff's cattle were a part when it started, arrived at the place of destination in due time; and it must be inferred from this that if the plaintiff's cars had not been detached from such train while en route his cattle

would have reached their destination in time for the morning market for which they were intended. And from the fact that the plaintiff's cars were detached from the train and left by the wayside, the inference of the want of care and diligence, or, which is the same thing, negligence, on the part of the defendant arises which we think is quite sufficient to establish plaintiff's prima facie right on this branch of the case to a submission to the jury. The burden was cast upon the defendant to rebut the plaintiff's case by showing a state of facts that were sufficient to excuse its default.

The plaintiff adduced evidence tending to prove that after his cattle reached the stockyards and were put in condition to offer on the market which was kept open for several hours afterwards, that though he offered them that he was, as has been already stated, unable to find any one who would purchase them on that day; and that he was consequently compelled to carry them over at considerable expense to the following day when, by reason of the decline which had in the meantime taken place in the prices of cattle of the kind his were, he was forced to sell at twenty cents on the hundred pounds less than he would have received had he been enabled to place them on the morning market of the preceding day. By this showing we are persuaded that the plaintiff was entitled to go to the jury.

The amount of damages to which plaintiff would be entitled on account of the delay in transportation, if any there was, would be the difference between the market price of the cattle at the time they should have arrived at the stock yards and the time they actually did arrive (Gann v. Railroad, 72 Mo. App. 34; Wilson v. Railroad, 66 Mo. App. 388; Perry v. Railroad, 89 Mo. App. 49) ; or, if they could not be sold on the day of their arrival on account of the lateness of the hour thereof, then plaintiff was entitled to recover the difference between the price they would have brought had they arrived in time for the morning market and that for which they were

sold, if such sale was made on the first market that was available for that purpose.

The judgment must be reversed and cause remanded. All concur.