ATCHISON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

80  213
62a  64

80  213
78a  644

80  213
88a  185

80  213
167  640

1. **Transportation Contract**: PARTY PLAINTIFF. Suit on a transportation contract is properly brought in the name of the consignor, whether he be the owner of the property or not.

2. **Negligence**: EVIDENCE. In an action grounded on negligence, and alleging specific acts of negligence, evidence of other acts is inadmissible.

3. **Transportation Contract**: ACTION: NEGLIGENCE: EVIDENCE. In an action for a negligent breach of a contract to transport cattle, the petition alleged as acts of negligence on the part of the railroad company, defendant: (1) That it had had the cattle loaded into an unsafe car, so that they had to be taken out and loaded into another: (2) That the loading into this car had been negligently done. By the contract the plaintiff had expressly agreed to load and unload at his own risk. At the trial he gave evidence that the car into which the cattle were transferred was not provided with proper bedding. *Held*, that this evidence was incompetent, because: (1) If bedding the cattle was embraced in the term "loading," the plaintiff had assumed the risk of this; (2) If it was not, then the negligence shown did not fall within the allegations of the petition.

*Appeal from Clinton Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*M. A. Low* for appellant, cited *Batterson v. Railroad Co.*, 13 N. W. Rep. 508; *Waldhier v. Railroad Co.*, 71 Mo. 514; *Luckie v. Railroad Co.*, 67 Mo. 245; *Edens v. Railroad Co.*, 72 Mo. 212; *Price v. Railroad Co.*, 72 Mo. 414; *Bullene v. Smith*, 73 Mo. 151, 162; *Harrison v. Railroad Co.*, 74 Mo. 369; *Marquette, etc., R. R. Co. v. Marcott*, 41 Mich. 433; *C. B. & Q. R. R. Co. v. Lee*, 68 Ill. 576; *Manuel v. Railroad Co.*, 56 Iowa 655; *Field v. Railroad Co.*, 76 Mo. 614.

*T. J. Porter* and *Roland Hughes* for respondent.

SHERWOOD, J.—The petition in this cause was the following:

Plaintiff states that defendant is a corporation, duly organized and operating under the laws of the State of Missouri; that defendant is a common carrier and running and operating a line of railway from Chicago, in the state of Illinois, through the State of Missouri and to the city of Leavenworth, in the state of Kansas; that as such common carrier, defendant agreed, for a reasonable consideration, to transport for plaintiff, on the 20th day of May, 1878, from Perrin, in Clinton county, Missouri, to Chicago, in the state of Illinois, two car loads of cattle, being live stock; that defendant, by its agents, servants and employes, negligently caused one load of said cattle to be loaded on and in a car which was defective and unsafe for the transfer of said cattle to their destination, so that said cattle had to be transferred and re-loaded; that defendant, its agents, servants and employes, so negligently transferred and re-loaded said cattle that by reason of the negligence of defendant, its agents, servants and employes, the said cattle were greatly damaged, to-wit, in the sum of $146.30; that said damage was caused by reason of the defendant, its agents, servants and employes, negligently furnishing and causing said cattle to be loaded on and in a defective and unsound car, and by reason of the negligence of defendant, its agents, servants and employes, in re-loading and transporting said cattle; wherefore plaintiff prays judgment, etc.

The answer was a general denial.

## I.

Atchison, the party in whose name the contract for the transportation of the cattle was made, was the proper party to sue, and the petition sufficiently shows that he was the consignor. Who the owner was, was immaterial. *Harvey v. Railroad Co.*, 74 Mo. 538.

## II.

Testimony respecting the bedding of the car, was improperly admitted. There was no allegation in the petition

which warranted the admission of such testimony. The inadmissibility of evidence of this character, plainly appears by comparing the allegations of the petition with the evidence respecting the bedding of the car. See authorities cited by defendant.

## III.

Again, under the terms of the contract, the defendant was not liable for any things connected with the loading or unloading of the cattle; for that contract expressly stipulates: "And it is further agreed that said party of the second part is to load and unload said stock at his own risk, the said Chicago, Rock Island & Pacific Railway Company furnishing laborers to assist, who will be subject to the orders of the owner or his agent, while in that service." All such risks as were attendant on loading or unloading the cattle the shipper explicitly assumed. By the plain terms of the stipulation quoted, all risks of the nature mentioned were assumed by the shipper, the defendant merely furnishing laborers to assist in loading and unloading, and those laborers, *pro hac vice*, were the laborers of the plaintiff, and subject to his orders. If, indeed, those laborers failed to obey his directions, complaint should have been immediately made to the freight conductor, or other person in charge of the train. But no directions appear to have been given, although it belonged to plaintiff's agent to give them, and to insist on their being obeyed. If then the alleged injury occurred because of negligently loading the cattle, this was a risk expressly assumed by the plaintiff; and if bedding the cattle was embraced in the term of loading the cattle, then the risk of their being improperly bedded was incident to and included within the former risk. If, on the other hand, bedding the cattle was not thus included, then the recovery of the plaintiff is based upon evidence broader than the allegations of the petition, and outside of those allegations.

Under this view it becomes unnecessary to consider the instructions given or refused.

Judgment reversed and cause remanded. All concur.