JOHN A. FRANK, Respondent, v. GRAND TOWER & CARBONDALE RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 20, 1894.

1. **Common Carriers:** REASONABLE TIME FOR DELIVERY: LAW AND FACT. What is a reasonable time is ordinarily a question of fact for the jury; and it is held so to be in this cause, wherein the issue was whether a consignee of goods, which arrived out of time, had had reasonable time after notice of their arrival in which to get them from the carrier.

2. **Inconsistent Instructions, Effect of.** It is reversible error to give conflicting instructions. Such instructions furnish no guide to the jury.

3. **Common Carriers:** CHANGING LIABILITY TO THAT OF WAREHOUSEMAN: NOTICE TO CONSIGNEE. If a consignee can be found on diligent inquiry, a common carrier must notify him of the arrival of his goods at their destination when they arrive out of time, or when it is the established custom of the carrier to give such notice to consignees whether the goods arrive out of time or not. If the consignee fails to remove the goods within a reasonable time after receiving such notice, the carrier may store them, and thereupon his liability will be that of a warehouseman only.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEX. ROSS, Judge.

REVERSED AND REMANDED.

*W. W. Barr* and *B. F. Davis* for appellant.

(1) The appellants safely transported the goods in question to Cape Girardeau several days before the fire, and they, not being called for by respondent, were stored in a reasonably safe warehouse. Appellant's liability as a common carrier and insurer of goods then

ceased, and, it became liable only for negligence as a warehouseman; and, as respondent's evidence failed to show any negligence on appellant's part, the court ought to have given appellant's demurrer to respondent's evidence. *Holtzclau v. Duff*, 27 Mo. 392; *Cramer v. Express Co.*, 56 Mo. 524–528; *Gashweiler v. Railroad*, 83 Mo. 112. (2) Respondent's instruction number 1 should not have been given. No notice of arrival of freight was necessary to change the appellant's liability as a common carrier to that of a warehouseman. *Gashweiler v. Railway*, 83 Mo. 112; *Rankin v. Railway*, 55 Mo. 167–171. There was no evidence that it was appellant's custom to give such notice. (3) Respondent knew of the goods being at the depot on Saturday, December 27, between 4 and 5 P. M., two to three hours before the freight office was closed for the night, and made no effort to get the goods that night, though a responsible drayman asked his permission to haul them that night. He refused such permission, and thereby lost his goods through his own negligence. So, even if notice were necessary, the court erred in declaring in effect, as a matter of law, in respondent's first instruction, that notice to respondent through drayman Oliver on Saturday night, the twenty-seventh of December, 1890, was not sufficient. *Rice v. Hart*, 118 Mass. 201; *Railroad v. Prewitt*, 46 Ala. 63; *M. D. T. Co. v. Moore*, 88 Ill. 136. (4) Respondent's first instruction is in conflict with the instructions given for appellant. Instructions should be harmonious. *Stevenson v. Hancock*, 72 Mo. 612; *Price v. Railroad*, 77 Mo. 508; *Welch v. Railroad*, 20 Mo. App. 163.

*Frank E. Burrough* and *J. B. Dennis* for respondent.

Bond, J.—This is an action for $135, brought before a justice for nondelivery of goods consigned to

plaintiff at Cape Girardeau over the railroad of defendant. Plaintiff had judgment in the justice's court from which an appeal was taken to the Cape Girardeau court of common pleas, where plaintiff filed an amended petition averring the reception of the goods by defendant and their transportation to Cape Girardeau, their place of delivery, and their detention by defendant on its cars and in its warehouse for eight or ten days without notice to plaintiff of their arrival, and their destruction in the burning of defendant's warehouse on December 28, 1890.

The evidence tended to show that the shipment was received by defendant on the thirteenth of December, 1890, and arrived at Cape Girardeau about two days thereafter; that it was, soon after its arrival, placed in a warehouse, jointly used by defendant and another railway company, which was burnt, while the goods were there, on December 28, 1890.

The evidence is conflicting as to whether notice of the arrival of the goods was given plaintiff before Saturday evening, December 27.

It was admitted by plaintiff that he received notice through a drayman about "5 P. M. or a little earlier" on Saturday, December 27, 1890, and that he made no effort to get the goods that night; that his saloon was kept open until from 9 to 12 o'clock at night; and that the goods were burned the next night (Sunday) between 8 and 9 o'clock.

There was some evidence that defendant sometimes gave notice to consignees of the arrival of their goods, and sometimes did not give notice. There was also evidence tending to show that defendant sent three postal cards and one verbal notice to plaintiff of the arrival of his goods in addition to the notice received by him from the drayman.

The goods in question consisted of whiskey and

gin, and were billed to plaintiff at $182. Defendant refused to pay plaintiff's claim.

There was no evidence that the burning of the warehouse was caused by any negligence or want of ordinary care on the part of defendant. There was a verdict and judgment for plaintiff, from which defendant appealed.

At plaintiff's instance the court gave the following instruction:

"1. If the jury shall find from the evidence that Messrs. Loeb, Bloom & Co., on or about the thirteenth day of December, 1890, shipped to plaintiff by rail the articles named in his petition; that defendant received said goods from some other road and brought them by its railroad to Cape Girardeau, Mo.; that the usual time for the transportation of freight between said cities of Paducah and Cape Girardeau is forty-eight hours; that it was the custom of defendant to notify its patrons of the arrival of freight shipped to them; that in this case they did not notify plaintiff of the arrival of his goods until Saturday night, the twenty-seventh of December, 1890; and that said goods were destroyed by fire on the twenty-eighth of December, 1890; then the jury may find for the plaintiff in such sum as from the evidence they may find he is entitled to, not to exceed the amount claimed in his petition."

At defendant's instance the court gave seven instructions, which told the jury, in effect, that the liability of defendant as carrier ceased when the goods were stored in its warehouse at Cape Girardeau and its liability as warehouseman then began; that if the evidence showed the goods were consumed by fire without defendant's negligence, then a verdict in its favor should be given; that defendant was not required to give notice of the arrival of the goods in order to change its liability from that of carrier to warehouse-

man, and, if the evidence showed the goods in question were in the warehouse several days before the fire and that it was accidental, a verdict should be returned for defendant.

The instruction *supra* is erroneous in assuming as a matter of law that the notice of the arrival of the goods, *admitted* by respondent to have been received between 4 and 5 o'clock on Saturday, did not afford respondent reasonable time to get the goods on that day.

What is a reasonable time generally, and in cases like the present, depends upon the situation of the parties and the attending circumstances. In the case at bar there was evidence that the drayman, who gave respondent notice of the arrival of the goods, proffered *then* to haul them, and that respondent's place of business was usually kept open until late at night, long after the time when the notice was given.

It was not shown that the goods could not have been gotten from appellant's warehouse or depot; on the contrary, the fact of the notice and the offer of the driver indicates that there was no obstacle in the way of getting the goods at once.

It was clearly error to tell the jury, in the face of the evidence tending to show this state of facts, that the notice on Saturday to respondent did not give him a reasonable time to get his goods from defendant's depot.

Again, the instruction *supra* is inconsistent with those given for appellant. One of the conditions to recovery, stated in the instruction *supra,* is "that it was the custom of defendant to notify its patrons of the arrival of the freight shipped to them," and that plaintiff was not notified until Saturday night.

In the instructions given for appellant the jury were told, in effect, that the foregoing condition as to

customary notice and notice to respondent was not essential to a verdict for appellant, if under the evidence they believed the goods had been stored for several days in appellant's warehouse and were destroyed by an accidental fire.

In one breath the jury were told to find for respondent upon a certain contingency, and in the next they were told to find for appellant notwithstanding such contingency. The instructions were diametrically opposed.

"The rule is that it is reversible error to give conflicting instructions, no matter at whose instance they are given. Such instructions furnish no guide to the jury." *Bluedorn v. Railroad*, 108 Mo. 439, 450.

As this case must be retried for error contained in the instructions, we deem it proper to suggest that the decisions in this state do not exempt a carrier from the necessity of giving notice of the arrival of freight at its destination, unless it is carried *on time* to that point. *Pindell v. Railroad*, 34 Mo. App. 683.

The result is that the judgment herein is reversed, and the cause remanded. All concur.

### CONCURRING OPINION.

BIGGS, J.—The law is that, if goods are received on time at the place of their destination the carrier may store them, thereby changing his liability to that of a warehouseman, unless it is an established custom of the carrier to notify consignees of the arrival of goods, regardless of the fact whether they arrive on time or not. *Pindell v. Railroad*, 34 Mo. App. 683. This rule is based on the idea that the consignee is advised of the date of the shipment; that he knows the usual time necessary for the transportation of the goods between the two points, and that it is his duty to be

present on the arrival of the goods for the purpose of receiving them. But, if the goods arrive out of time, the carrier must notify the consignee of their arrival. If after diligent inquiry the consignee can not be located, or if, after receiving notice, he fails to remove the goods within a reasonable time, then the carrier may store them, and his liability thenceforth will be that of a warehouseman.

As the exact date of the arrival of the goods is left somewhat in doubt by the evidence, as well as the time required for the transportation of the goods, and as there was evidence tending to show that it was the defendant's custom in all cases to notify the consignee of goods of their arrival, all of the defendant's instructions ought to have been refused for the reason that they ignored all the above mentioned facts, which are very material in determining the defendant's liability.

All the judges concur in these views as well as the views expressed in the opinion by Judge BOND.