MRS. JOHN A. ROSS, Respondent, v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, July 2, 1906.

1. COMMON CARRIERS: Loss: Action: Parties. The consignor, though he pay the freight and have no interest in the goods, may still maintain action for their loss. Authorities considered.

2. ———: ———: Notice. A carrier need not give notice of the arrival of the goods. But in this case such question is immaterial.

3. ———: Value: Evidence. The measure of damages is the value of the goods at their destination but where such evidence is impossible, evidence of the value at the shipping point is admissible.

Appeal from the Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*M. A. Low, Frank P. Sebree* and *John D. Wendorff* for appellant.

(1) The respondent had no interest whatever in the property and hence has not been, nor could be damaged if the property was lost. The demurrer to the evidence ought to have been sustained. Dicey on Parties to Action (2 Am. Ed.), 350, 351; Hale on Bailments and Carriers, 546, 547; Hutchinson on Carriers, sec. 720, 732; Redfield on Carriers, sec. 322; Edwards on Bailments, sec. 665; Schouler on Bailments, sec. 117; Green

v. Clarke, 13 Barb. 57; Krulder v. Ellison, 47 N. Y. 36; Thompson v. Fargo, 49 N. Y. 188; Lockhart v. Railroad, 73 Ga. 472; Parker v. Lombard, 100 Mass. 405; Garvey v. Scott, 9 Ill. App. 19; Brant v. McMahon, 56 Mich. 498; Kirkpatrick v. Railroad, 86 Mo. 341; Meyer v. McMahan, 50 Mo. App. 18, 25; Parker v. Rodes, 79 Mo. 88; Johnson-Brinkman v. Bank, 116 Mo. 558. (2) There was no evidence of a custom in Boston for railroads to give notice to consignees of the arrival of goods. Without such custom no notice of such arrival was necessary. Gashweiler v. Railroad, 83 Mo. 112; Eaton v. Railway, 12 Mo. App. 386; Frank v. Grand Tower, etc., 57 Mo. App. 181; Chem. Co. v. Railroad, 100 Mo. App. 164. (3) There was no evidence of the value of the property at Boston, and therefore no evidence upon which to arrive at damages. The evidence of value at Kansas City was not admissible and the court erred in admitting it. The measure of damages for loss in shipment is the value of the property at destination. Transportation Co. v. Fraube, 59 Mo. 355; Davis v. Railroad, 13 Mo. App. 449; Com. Co. v. Railroad, 80 Mo. App. 168; Wilson v. Railroad, 66 Mo. App. 388; Gann v. Railroad, 72 Mo. App. 34; Perry v. Railroad, 89 Mo. App. 49; Sloop v. Wabash, 93 Mo. App. 605.

*Meredith & Harwood* for respondent.

(1) The respondent, the bailee of the davenport, has such a special property in the subject of the bailment as entitles her to sue the carrier in her own name for loss of the consignment, although she was not the actual owner of the property, and a recovery by her will be a bar to an action by the bailor or consignee. 3 Am. and Eng. Enc. Law (2 Ed.), 761; 3 Enc. of Pleading and Practice, 833; Harvey v. Railroad, 74 Mo. 538; Atchison v. Railroad, 80 Mo. 213; Dicey on Parties to Action (2 Am. Ed.), 352; Hutchinson on Carriers, secs. 721, 723, 724, 730; Edwards on Bailments, sec. 667; Hale

on Bailments, 548; Elkins v. Railroad, 19 N. H. 337. (2) The respondent in whose name the contract of affreightment was made is a trustee of an express trust and may sue in her own name without joining with her the person for whose benefit the suit is prosecuted. R. S. 1899, sec. 541; Snyder v. Express Co., 77 Mo. 523; Atchison v. Railroad, 80 Mo. 213; Burriss v. Railroad, 105 Mo. App. 659; Carter v. Railway, 111 Ga. 38; Simons v. Wittman, 113 Mo. App. 357. (3) The carrier must give notice to the consignee of the arrival of goods at point of destination where the goods do not arrive on time, and no proof of a custom at the place of destination of railroads to give notice to consignees of the arrival of goods need be made. Frank v. Railway, 57 Mo. App. 186; Pindell v. Railroad, 34 Mo. App. 683. (4) The value of an article of furniture at the time and place of shipment may be shown when it becomes impracticable to assess the value at a later date owing to the property having been lost by the railroad company; the value of the property may be shown when last accessible to the consignor and such value will in the absence of proof to the contrary, be presumed to continue, and no evidence of its value at the place of destination is necessary. Jennings v. Sparkman, 48 Mo. App. 246; Chemical Co. v. Nickells, 66 Mo. App. 687; 22 Am. and Eng. Enc. of Law (2 Ed.), 1243; Railroad v. Sloan, 39 Ga. 636; Echols v. Railroad, 90 Ala. 366; Gray Co. v. Railroad, 64 Mo. 47; Railroad v. Frame, 6 Colo. 382; Railway v. Nicholson, 61 Tex. 553; Wall v. Pratt, 169 Mass. 398. (5) In the case of loss of or damage to goods such as second hand household furniture, which has no market value, and which are useful chiefly to the owner, the measure of damages is not their market value at the time and place of delivery at destination, but the value to the owner. The proof of value may be made by the judgment and opinion of witnesses properly informed on the subject. 5 Am. and Eng. Enc. of Law (2 Ed.), 3907; Lachner Bros. v. Express Co., 72 Mo. App. 21; Spooner v. Rail-

way, 23 Mo. App. 403; Sutherland on Damages (3 Ed.), 2736; Hale on damages, 183.

BROADDUS, P. J.—This suit originated in a justice's court, from which it was appealed to the circuit court, where it was again tried, the judgment being for the plaintiff. Defendant appealed.

On May 14, 1903, plaintiff delivered to the defendant a certain piece of furniture called a "davenport" for transportation to East Cambridge, Massachusetts, consignee Mrs. Jas. P. Campbell, care of C. J. Anderson, Met. St. Warehouse, 134 Mass. ave. Mrs. Campbell after a time notified plaintiff that she had not received the furniture, whereupon she began writing letters to defendant about its non-delivery. In October, 1905, defendant's agent wrote her that upon investigation he had ascertained that the shortage occurred on eastern lines, the article having been billed over the defendant's route and that of the Boston & Albany Railroad.

The furniture belonged to Mrs. Campbell, who broke up housekeeping in Kansas City in the year 1897, at which time she left it with the plaintiff upon the understanding that if plaintiff should care for it, the furniture would be a benefit to both of them, as the latter could use it. It was a part of the understanding that whenever plaintiff should break up housekeeping she would send it to Mrs. Campbell. Plaintiff testified that she paid the charges and billed the "davenport" as expressly directed by Mrs. Campbell. There was no evidence of the value of the property at the point of its destination. As it was second-hand furniture, evidence was introduced of its value to the person owning it.

The principal ground relied on by defendant for reversal is, that the plaintiff had no ownership in the property. The authorities cited to sustain this view go to the extent of establishing the theory that Mrs. Campbell, the actual owner, was the proper party to bring the action. In Redfield on Carriers, section 322,

the rule is stated: "Where the general property in the goods vests in the consignee, upon delivery to the carrier, the consignor has ordinarily no property remaining, even where he pays the freight." In Hale on Bailments and Carriers, pp. 546, 547, it is said: "In the absence of an express contract it is presumed that the carrier is employed by the person at whose risk the goods are carried, that is, the person whose goods they are and who would suffer if they were lost. *Prima facie,* this is the consignee and the consignor is presumed to contract for the transportation as his agent. Both these presumptions may be rebutted. . . . Whether the consignor contracted on his own behalf or as agent of the consignee depends primarily, of course, upon the intention of the parties, and this will often be determined with a view to which party has the title to the goods." And such is the law as stated by Edwards on Bailments, section 665; Hutchinson on Carriers, section 720.

The argument of defendant is that plaintiff's bailment ceased when she shipped the goods according to the express direction of the owner and at the latter's risk. That thereafter she had no such interest in the property as would authorize her to maintain an action for a breach of the contract of shipment. But there are other respectable authorities that hold to the view that a person having no interest in the property shipped, if he be the consignor and pays the charges, may maintain an action against the carrier for loss or damage to the same during transportation. Our own Supreme Court holds: "Suit on a transportation contract is properly brought in the name of the consignor, whether he be the owner or not." [Atchison v. Railway, 80 Mo. 213.] We believe, however, that this is the only case found in our reports that has any direct bearing on the question.

But the question was discussed at length by the Supreme Court of Georgia in Carter v. Railway, 111 Ga. 38, where it is held in a case on principle like this, where the consignor was acting as the agent of the con-

signee: "In such case, the agent is, in contemplation of law, the real contracting party to whom the promise of the other party was made and who is entitled to enforce it." The court cites in support of its holding the decisions of many of the states and of the English courts, and also Mechem on Agency, Story on Agency, and other authorities. We have examined the authorities cited by the court in that case and find, so far as our examination has gone, that they support the views expressed by the judge who delivered the opinion. Among those cited, we find the Missouri case of Atchison v. Railway, supra. The weight of opinion seems to be as announced in the Georgia case and the Missouri case. As a matter of course, we adhere to the ruling of the latter and hold that the action was properly brought in the name of the plaintiff as consignor.

The next question raised by appellant is, that, as there was no evidence of custom in Boston for carriers to give notice to consignees of the arrival of goods, no notice of such arrival was necessary. And such is admitted to be the law. [Gashweiler v. Railway, 83 Mo. 112; Eaton v. Railway, 12 Mo. App. 386; Frank v. Railway, 57 Mo. App. 181; Herf v. L. Line, 100 Mo. App. 164.] But we do not think that the failure of the defendant to give such notice has anything to do with the case. If the goods were lost, which seems to have been sufficiently shown, notice of their arrival at their destination could not have been received.

And it is further contended that the court committed error in the admission of evidence of the value of the goods at Kansas City, whereas the measure of damages for loss in shipment is the value at their destination. As a rule, this is true. [Railroad Co. v. Traube, 59 Mo. 355; Klass Com. Co. v. Railroad, 80 Mo. App. 164; Sloop v. Railroad, 93 Mo. App. 605.] But there are exceptions to the rule. We have a case illustrating an exception to the rule in this State, where the property lost in transit had no market value. It was held that,

in the absence of proof to the contrary, evidence at the point of shipment was admissible, as it "was the only kind of which the nature of the case was susceptible." [Lachner Bros. v. Express Co., 72 Mo. App. 13.] The "davenport" in question was second-hand furniture which class of furniture has no regular market value. The Supreme Court of Alabama in Echols v. Railroad, 90 Ala. 366, while recognizing the general rule that the value of goods transported is to be ascertained by its market value at the point of destination, yet held that their value at the point of shipment is relevant upon the question. But after all the question is one of easy solution. As the property never, so far as the record shows, arrived at its destination, it was impossible to make proof of its value at that point. It seems to us the reason given in Lachner Bros. v. Express Co., supra, for an exception to the general rule is unanswerable.

Affirmed. All concur.