CARL VANBUSKIRK, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, June 8, 1908.**

1. **PLEADING: Damages: General: Special.** General damages are such as the law implies or presumes to have occurred from the wrong complained of and need not be pleaded; special damages are superadded to the general damages or arise from an act not actionable in itself but injurious only in its consequences and must be pleaded with reasonable particularity and appear to be the natural, though not the necessary consequence of the wrong.

2. **COMMON CARRIERS: Live Stock: Damage: Evidence.** Injury to horses in the course of transportation is general damages and need not be specially pleaded, and in establishing the market value and extent of the damage it is competent to introduce evidence of the quality, disposition, character and breed of the animals, such as that they are race horses and valuable therefor.

3. **————: Consignor: Owner: Party.** The consignor of horses shipped may sue on the contract in his own name whether he is the owner or not.

4. **TRIAL PRACTICE: Instruction: Notation on.** The failure to mark an instruction given is wholly immaterial if it was in fact given and went to the jury as given.

5. **COMMON CARRIERS: Damages: Pleading: Instruction.** An instruction which fixes the maximum of damages allowable at a sum greater than that pleaded, is error, and in this case is held to be fatal.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker*, Judge.

REVERSED AND REMANDED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) The trial court erred in permitting plaintiff to prove the horses claimed to be injured had special value as race horses, and that he had sustained special

damages, by reason of their having been injured so they could not race. To entitle plaintiff to recover special damages they must be specially pleaded. Mason v. Railroad, 75 Mo. App. 1; Brown v. Railroad, 99 Mo. 310; Harper v. Railroad, 70 Mo. App. 607. (2) The court erred in excluding the evidence offered by defendant tending to prove that plaintiff was not the owner of the horses that he claimed and was seeking to recover damages for injuries to. R. S. 1899, sec. 540. This testimony was also competent as an admission or declaration against interest. Schlicker v. Gordon, 19 Mo. App. 485; State ex rel. v. Henderson, 86 Mo. 482. (3) As defendant offered some evidence tending to prove that plaintiff was not the owner of the horses claimed to have been injured, the trial court erred in refusing to give instruction numbered 9. Kelley v. Railroad, 70 Mo. 604; Yates v. Brackenridge, 27 Mo. 531. (4) The court erred in permitting plaintiff's instruction numbered 1 to be read to the jury and taken with them to their room as one of the instructions of the court without having been passed upon and approved by the court. (5) Even if the instruction had been marked "given" by the court, it is erroneous in this that in the second count of the petition they only claim $150 for doctoring and caring for the mare, while in the instruction they claim $300 for doctoring and treating the mare. The issues raised in the pleadings cannot be enlarged or changed by the instructions. Nugent v. Milling Co., 131 Mo. 257; White v. Chaney, 20 Mo. App. 397; Dunn v. Railroad, 21 Mo. App. 197; Zwisler v. Storts, 30 Mo. App. 168; Wilburn v. Railroad, 36 Mo. App. 214; Jacquin v. Cable Co., 57 Mo. App. 331; Pryor v. Railroad, 85 Mo. App. 378; Mitchell v. Railroad, 108 Mo. App. 151, and cases cited; Lester v. Railroad, 60 Mo. 268; Buffington v. Railroad, 64 Mo. 246; Waldhier v. Railroad, 71 Mo. 516; Schneider v. Railroad, 75 Mo. 295; Ely v. Railroad, 77 Mo. 34 and cases cited; Benson

v. Railroad, 78 Mo. 513; Hartz v. Railroad, 95 Mo. 368; Haynes v. Trenton, 108 Mo. 123; Hite v. Railroad, 130 Mo. 136; McNamanee v. Railroad, 135 Mo. 447; Bartley v. Railroad, 148 Mo. 139; Holwerson v. Railroad, 157 Mo. 244; Wolfe v. Supreme Lodge, 160 Mo. 686; Colliott v. Mfg. Co., 71 Mo. App. 170; Gibson v. Freygang, 87 S. W. 3; Landers v. Railroad, 114 Mo. App. 655.

*A. G. Knight* and *E. M. Harber* for respondent.

(1) So far as we know, the rule that it is competent to prove the quality, disposition, character, traits and breed of an animal to show its value has never been questioned, until here, this rule is universally, we think, recognized. 3 Elliott on Railroads (2 Ed.), sec. 1218, and cases cited. (2) Respondent being the consignor could have sued for and recovered damages for each and all of the animals so covered by said shipment though he had no interest whatever in all or any of them, this is the well settled rule in this State, indeed it is the statute. R. S. 1899, sec. 541; Atchison v. Railroad, 80 Mo. 213; Ross v. Railroad, 119 Mo. App. 290; Gratiot v. Railroad, 124 Mo. App. 562. Hence any evidence as to whether he was owner of Grace Lane and Nancy Rex was entirely immaterial. (3) The complaint that the instruction was not marked "given" is a hypertechnical objection. (4) If the verdict had been for more than $450 the amount in fact in the petition claimed $150 for caring for the mare and $300 the damage to her in all $450 then there might be some merit in respondent's contention and we would either be allowed to remit excess over amount claimed or be, we assume, permitted to amend petition, but the finding was for only $295.83 upon this count.

JOHNSON, J.—Action against a common carrier brought by the shipper of certain race horses to recover damages resulting from injuries to the property which

are alleged to have been negligently inflicted by defendant in the course of transportation. Judgment was for plaintiff and defendant appealed.

On September 2, 1905, plaintiff shipped in his own name as consignor five race horses from Harris to Trenton. Two of the animals, "Grace Lane" and "Nancy Rex" belonged to plaintiff, one, "Mermaid" to Lose Brothers of Harris, and the remaining two were the property of another owner. The shipment was received by the Chicago, Milwaukee & St. Paul Railway Company and by that company delivered at a transfer point to defendant company which undertook to complete the transportation. The evidence of plaintiff strongly tends to show that in entraining the car containing the horses and their attendants, defendant so negligently handled the car that it collided with the train with extraordinary violence and, as a result, horses and men were precipitated into an indiscriminate pile. This action is concerned with the injuries sustained by plaintiff's two horses and the one owned by Lose Brothers, who assigned their claim for damages to plaintiff before action was begun.

The petition is in two counts. The cause pleaded in the first is the negligent injury of plaintiff's horses; that in the second, the injury of the horse owned by Lose Brothers. It is alleged in the first, "that defendant's agents and servants engaged in the operation of said train, handled and managed same in such reckless, negligent and careless manner as to cause the said car in which the said horses and said property were, to be greatly jostled, unnecessarily knocked, jarred and jolted by the striking to, with and against other cars, as to greatly and permanently injure plaintiff's said horses and to deprive plaintiff of the use thereof, which was of great value to him, from said time to this, and to cause plaintiff to necessarily contract and expend large sums, at least $150, in caring for, doctoring said horses

and for medicines and other attention thereto, and to plaintiff's damage, in all in the sum of at least $1,050." The second count contains the allegation "that defendant discharged its duty in such reckless, negligent and careless manner as to cause the horse 'Mermaid' of said Lose Brothers to be greatly and permanently injured in body and legs, internally and externally. That it jammed said car up, to and against other cars and other cars against said car with such force and violence as to jar, jolt, and permanently injure said mare as aforesaid, and that by reason thereof said Lose Brothers were deprived of the use of said mare from said time to this, to their damage in the sum of, at least, $300, and they were compelled to contract and expend large sums, at least $150 in doctoring and caring for said mare and that by reason of the injuries of said mare, as aforesaid, they have been damaged to the sum of $300, in all, to the sum of $750." The verdict was for plaintiff on both counts; on the first, in the sum of $562.50 and on the second, $295.83.

First, defendant contends that "the trial court erred in permitting plaintiff to prove the horses claimed to be injured had special value as race horses and that he had sustained special damages by reason of their having been injured so they could not race. To entitle plaintiff to recover special damages, they must be specially pleaded." [Citing Mason v. Railroad, 75 Mo. App. 1; Brown v. Railroad, 99 Mo. 310; Harper v. Railroad, 70 Mo. App. 604; O'Leary v. Rowan, 31 Mo. 119; State to use v. Blackman, 51 Mo. 320.] In Brown v. Railroad, the Supreme Court aptly stated the rule applied on numerous occasions in this State by the courts of last resort: "General damages are such as the law implies or presumes to have occurred from the wrong complained of, and they need not be pleaded. In such cases the wrong itself fixes the right of action. Special damages are such as really took place, and are not im-

plied by law.    They are either superadded to general
damages from an act injurious in itself, or are such as
arise from an act not actionable in itself, but injurious
only in its consequences.    Special damages must be
stated in the petition with a reasonable degree of par-
ticularity, and it must appear that the damage is the
natural, though not necessary, consequence of the
wrong."

The issue of whether plaintiff or Lose Brothers
were damaged by the loss of the use of the horses by rea-
son of their injuries was abandoned at the trial and
was not submitted to the jury in the instructions. Con-
sequently the precise question for our solution is this:
Failing to allege that the horses were particularly val-
uable because of their speed, is plaintiff entitled to re-
cover damages on account of loss of market value re-
sulting from the permanent impairment of their racing
ability?    Damages to the market value of an animal
injured in the course of transportation belongs to the
class denominated "general damages" and under the
rule stated are not required to be pleaded specially.    In
proving market value and the extent of the damage
thereto inflicted by the particular injury, it is compe-
tent for the plaintiff to introduce evidence of the qual-
ity, disposition, character and breed of the animal.    [3
Elliott on Railroads, section 1218.]    In Council v.
Railroad, 123 Mo. App. 432, the plaintiff was permitted,
over the objection of the defendant, to prove that a fine
hog negligently injured was a prize winner at various
fine stock shows.    We held the evidence admissible,
saying:    "The record of a thoroughbred animal is a
fact as material to value as are facts relating to phys-
ical excellence, such as size, form, color, breeding capac-
ity and the like."    It hardly would be argued that
plaintiff would not have been entitled to prove under
a general averment of loss of value that the animals
in question were roadsters, saddle horses, carriage

horses or draft horses and had been unfitted or damaged for such work. We think it was just as competent to prove that their value was enhanced by the possession of excellent gaits and speed. Evidently defendant has confused loss in market value with loss of earnings or use. The latter is a special damage which must be alleged and proved specially, but the former, as we have said, is of the class of general damages, and is not required to be specially pleaded.

Next, it is urged that "the court erred in excluding the evidence offered by defendant that plaintiff was not the owner of the horses that he claimed and was seeking to recover damages for injuries to." Since it is conceded plaintiff was the consignor of the property, it is immaterial who owned it. "Suit on a transportation contract is properly brought in the name of the consignor whether he be the owner or not." [Atchison v. Railroad, 80 Mo. 213; Ross v. Railroad, 119 Mo. App. l. c. 294; R. S. 1899, sec. 541.] The rejection of the evidence was not error.

Objection is made on two grounds to the giving of the first instruction asked by plaintiff. First, because the court permitted the instruction to be read to the jury and by them taken to their room without noting on the margin that it had been given. This point is entirely devoid of merit. It is admitted the instruction, in fact, was given and considered by the jury and it is inconceivable that they may have been misled, or either party injured, by the omission which was a mere oversight. The notation of the ruling of the court on the margin of instructions asked by the parties is no part of the instruction but is a mere memorandum to prevent confusion and disputes in making up the record of the proceedings. The second ground of objection we find is meritorious. Referring to the subject of the measure of damages, the jury were told: "And on the second count for such sum as would fairly compensate

the said Lose Brothers, or their assignee for time and money reasonably and necessarily expended, if any, in doctoring and treating said mare, Mermaid, for the injuries, if any, so received by her, together with such further sum as will compensate the said Lose Brothers for any depreciation in the value of said mare, Mermaid, if any, by reason of said injuries, not to exceed the sum of $750."

The petition separated the damages on this count into three principal items, viz., $300, depreciation in value; $300, loss of use, and $150, for doctoring and care in healing the injury. As we observed, no evidence was offered on the issue of loss of use, nor was that issue submitted to the jury. With it out of the case, the limit of plaintiff's recovery on this count should have been fixed in the instruction at $450, instead of $750 and the jury should have been directed not to allow more than $150 on the item of medical care and nursing. The evidence of plaintiff shows that the amount of the actual loss sustained on this score was between $250 and $300. The verdict being for $295.83, and there being substantial evidence introduced by defendant that the mare had completely recovered at the time of the trial, it is reasonable to think that the jury may have allowed nothing for depreciation in value and returned a verdict for no other damages than those relating to the care of the animal while she was recovering. The vice of the instruction lies in the fact that it enlarges the quantum of the damages over that alleged in the petition. The error is prejudicial and obviously cannot be cured by remittitur unless plaintiff should be willing to remit the full amount of the verdict on the second count.

We find no other error in the record, but for that just noted, the judgment is reversed and the cause remanded. All concur.