THE NATIONAL BANK OF COMMERCE of Kansas City, Respondent, v. SOUTHERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, January 11, 1909.**

1. **COMMON CARRIERS: Conversion: Failure of Notice.** The carrier failed to notify the party mentioned in the bill of lading of the arrival of certain corn and shipped the same to another destination at the request of a party not mentioned in the bill of lading, though he was the intended purchaser. An injury resulted. *Held*, a conversion by the carrier, and the fact that the second destination was within the switch limits of the first under the facts in the case does not alter the result.

2. ————: ————: **Wrong Destination: Instruction: Invited Error: Appellate Practice.** Though two instructions given by the court may be conflicting as to whether the second destination was the same as the first, appellant cannot complain, since he invited the error and was not prejudiced thereby.

3. ————: ————: **Notification: Instruction: Custom.** Where the bill of lading calls for notice to a second party, the custom of not giving notice is immaterial; and the fact that notice was mailed to the party at the place of destination is not sufficient when it is known that that is not his postoffice address.

4. **TRIAL PRACTICE: Remarks of Counsel: Provocation.** Where the remarks of counsel are not of a character to unduly influence the jury and are provoked by opposing counsel they will not vitiate the judgment.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

AFFIRMED.

*John G. Schaich* and *C. C. Madison* for appellant.

(1) Under the undisputed evidence the defendant was not guilty of conversion and the court erred in refusing to direct a verdict for defendant. Shewalter v. Railway, 84 Mo. App. 589; Bank v. Brussoig, 107 Mo. App. 401; Fruit Co. v. Railway, 115 Mo. App.

352; Redmond v. Railway, 90 Mo. App. 68; Russell Grain Co. v. Railway, 114 Mo. App. 488; Freeman v. Railway, 118 Mo. App. 526; Shewalter v. Railway, 84 Mo. App. 599; Woodrich v. Adams, 11 Vroom. 47; Frome v. Dennis, 45 N. J. L. 516; 2 Cook on Corp. (4 Ed.), sec. 576. (2) The court erred in giving plaintiff's instruction 1. See authorities under point 1. Grain Co. v. Railway, 114 Mo. App. 488. (3) The court erred in giving plaintiff's instruction 2. Freeman v. Railway, 118 Mo. App. 527; Hutchinson on Carriers, sec. 386; Ross v. Railway, 119 Mo. App. 290, and cases cited. (4) The court erred in refusing defendant's instruction A. The defendant company was not required to give notice of the arrival of the goods at destination. This instruction should have been given. Freeman v. Railway, 118 Mo. App. 527; Hutchinson on Carriers, sec. 386; Ross v. Railway, 119 Mo. App. 290. (5) The court erred in refusing defendant's instruction D. Chemical Co. v. Railway, 100 Mo. App. 164. See also cases cited under point 3.

*Elijah Robinson* and *Harris Robinson* for respondent.

(1) Under the undisputed evidence in this case and the law applicable thereto, the defendant is liable to plaintiff as for a conversion of the grain in question, and therefore the judgment ought to be affirmed. Grain Co. v. Railway, 176 Mo. 491; Wiggins Ferry Co. v. Railway, 128 Mo. 248; Sparks v. Purdy, 11 Mo. 219; Hall v. Corcoran, 107 Mass. 25; Coles v. Clark, 3 Cush. 399; Stephens v. Elwall, 4 Maule & S. 259; Garland v. Carlisle, 4 Clark & F. 693; Claflin v. Railway, 7 Allen 341; Hawkins v. Hoffman, 6 Hill 586; Bowling v. Nye, 10 Cush. 417; Stephenson v. Hart, 4 Bing. 476. (2) The court committed no error in giving either instruction 1 or instruction 2 at the request of the plaintiff. See authorities above cited. (3) The court

committed no error in refusing defendant's instructions. (4) The judgment was unquestionably for the right party, and should be affirmed, regardless of any question as to whether errors were committed in giving or refusing instructions. Bldg. Co. v. Realty Co., 103 Mo. App. 24; Goodson v. Embleton, 106 Mo. App. 77; Bruce v. Wolf, 102 Mo. App. 384; Bowman v. Lickey, 86 Mo. App. 47; Wagner v. Edison Co., 82 Mo. App. 287; Link v. Prufrock, 85 Mo. App. 618; Cass Co. v. Bank, 157 Mo. 133; Jones v. Brownlee, 161 Mo. 258; Moore v. Railway, 176 Mo. 528.

BROADDUS, P. J.—This is a suit for damages for conversion. The Young-Flesch Grain Company of St. Louis sold to the Wayland-Wright Grain Company of Kansas City two cars of corn, to be shipped to Birmingham, Alabama. The cars were delivered by the first-named company to the Mobile & Ohio Railroad Company at St. Louis on February 28, 1903, for transportation. Shipper's order bills of lading were delivered by said Mobile & Ohio Railroad Company to the Young-Flesch Company, on which was the notation, "Notify Wayland-Wright Grain Company." Upon the receipt of the bills of lading, the Young-Flesch Grain Company endorsed and delivered them to the Wayland-Wright Grain Company. The latter had contracted to sell the corn to J. J. Stevenson of Birmingham; and upon receipt of the bills of lading the Wayland-Wright Company drew a draft on Stevenson for the purchase price of the corn, and, having endorsed the bills of lading, attached the same to the draft and delivered both to the plaintiff and received credit for the amount.

Upon the arrival of the corn at Columbus, Mississippi, the Mobile & Ohio Railroad, not having a line of railroad to Birmingham, turned the corn over to the defendant for transportation to Birmingham, viz., one car on March 7th and the other on March 10, 1903. One of the cars of corn arrived at Birmingham on the

11th day of March and the other on the 16th day of March, 1903. On the 26th day of March, Stevenson, who had received an invoice of the corn, wrote to the defendant's freight agent at Birmingham requesting that he send the cars to Bessemer immediately on their arrival at Birmingham, he not knowing at the time that they had then arrived at their destination. Upon this request and without the production of the bills of lading and without any inquiry for authority on the part of Stevenson to ship the corn to Bessemer; defendant reshipped it to that place, without notification to either Stevenson or Wayland-Wright Company that it had done so. Bessemer is a town fourteen miles from Birmingham, but within the switch limits of the latter. The location of the corn was for a time lost sight of, the agent having forgotten that it had been sent to Bessemer. When it was ascertained that the cars of corn were at Bessemer, the district agent of defendant notified Stevenson of the fact, who ordered them to be returned to Birmingham, where they again arrived, one on April 21st and the other on April 23rd. Stevenson refused to receive the corn owing to its damaged condition. The evidence tended to show that the corn had been injured by being kept so long in bulk at Bessemer. Corn kept in cars at that time of the year would, according to experts, in the length of time between the 26th of March and the 26th of April become heated and damaged.

Upon the arrival of the corn at Birmingham, defendant's agent sent a notice to the Wayland-Wright Company at Birmingham. But it was shown that its agent there knew that said company was located at Kansas City and not at Birmingham. This notice was not received and was returned to defendant. When Stevenson refused to accept the corn, defendant sold it and realized the net value from the sale of $434.62, which it holds to the order of the owner of the bills of lading. It was shown that had the corn been kept

longer, the process of heating would continue until it would have become entirely worthless. The judgment was for the plaintiff, from which defendant appealed.

It is contended that, upon the facts, the defendant was not guilty of conversion and that plaintiff was not entitled to recover. Conversion as defined by Bouvier's Law Dictionary is, "The unlawful turning or applying the personal goods of another to the use of the taker, or of some other person than the owner; or the unlawful destroying or altering their nature."

Our Supreme Court, in applying this, held, "The shipper of goods has the right to designate the consignee, and the carrier is bound to obey the directions of the shipper, or to comply with the terms of the shipment as to the delivery, and if it disobeys then it is liable for a conversion." [Marshall & Michel Grain Co. v. Railway, 176 Mo. 480.] "A shipper of goods has the right to designate the connecting line over which his goods shall be carried and the first carrier is bound to obey the directions of the shipper in respect thereto and, if he does not do so, he is liable for conversion." [Wiggins Ferry Co. v. Railway, 128 Mo. 224.]

The action of defendant's agent in not notifying Wayland-Wright Grain Company, the consignee, of the arrival of the corn, and in shipping it at the request of Stevenson to Bessemer, and there holding it until it was damaged, was an act of conversion under the authorities cited. It was the duty of defendant when the corn arrived at Birmingham to have notified the consignee as required by the bill of lading. Had this notice been given, the corn could have been delivered to Stevenson on its arrival at Birmingham, upon payment of the purchase price. Notwithstanding Stevenson requested defendant's agent when the corn should arrive in Birmingham to ship the cars to Bessemer, such request was not binding on the defendant, as the destination of the corn was Birmingham and not Bessemer and the consignee had the right to require that the

goods should be received and paid for at the former and not the latter place. Therefore, the shipment to Bessemer was a violation of the contract of shipment as to delivery and, in the language of the decision in Marshall & Michel Grain Co. v. Railway, supra, a conversion.

The defendant contends that, as Bessemer was within the switch limits of Birmingham, there was no conversion, as thereby there was no change of destination. But Bessemer was fourteen miles from Birmingham and, notwithstanding it was within the same switch limits, it was at a different point and distinct from that of delivery. And it seems that it was so considered by defendant's agents, who for some time failed to locate the corn, it not being found to be at Birmingham.

The court, at the request of defendant, instructed the jury that if the railroad tracks of defendant at Bessemer were within the switch limits of Birmingham, then the setting of the cars containing the corn upon the sidetracks at Bessemer did not constitute conversion. For plaintiff, the court instructed the jury as follows: "The court instructs the jury that J. J. Stevenson had no right, without having received the bills of lading for the grain in question, to assume control thereof or give any direction in regard thereto; and, if you believe from the evidence in this case that Birmingham and Bessemer are separate and distinct cities, about twelve miles apart, and that the railroad station at Bessemer is a separate and distinct station from that of the defendant at Birmingham, then the sending of the grain to Bessemer at the request of said Stevenson, if it was so sent, constituted a wrongful diversion of said grain by said defendant." The defendant contends that the two instructions are in conflict, and they may be, as it was shown that, notwithstanding the two places were miles apart, they were within the same switch limits. But, as defendant invited the error,

it cannot complain, and, as there was no dispute as to the fact, defendant was not prejudiced thereby.

Instruction 2 is criticized because it required defendant to notify consignee or consignor of the arrival of corn. It is held in Ross v. Railway, 119 Mo. App. 290, and cases there cited, that in the absence of a custom no notice is necessary to a consignee of the arrival of the goods. These cases have no application, as the contract of shipment required notice to be given to the Wayland-Wright Company. Consequently, there was no error in the action of the court in refusing defendant's instruction to the effect that it was not required to give such notice.

Defendant contends that notice to Wayland-Wright Company at Birmingham was sufficient. This raises the question whether the mailing of the notice to said company at Birmingham, when defendant's agent knew they were not doing business at that place and that it was not their post-office address, was a sufficient compliance with the contract. The defendant was bound to notify the consignee at its known place of business wherever that might be, and we hold that it was not a sufficient compliance to mail the notice to the company at Birmingham, where it was known not to be doing business and where it would not be received.

Exceptions were taken to certain remarks of plaintiff's counsel during his argument, but we believe, under the circumstances, that they were not of such a character as to unduly influence the jury, and, besides, we are of the opinion they were invoked by the counsel of the defendant.

The judgment was for the right party and, no prejudicial error having been committed, the cause is affirmed. All concur.