## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1908.

---

*(Continued from Volume 135)*

---

CLUBB, Respondent, v. ST. LOUIS & SAN FRAN-
CISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, March 9, 1909.**

1. **COMMON CARRIERS: Contract of Shipment: Practice.**
Where a bill of lading was made out in favor of the agent of
the owner of the shipment, and where the carrier understood
that the agent was contracting on behalf of his company, the
real owner could sue in his own name for damages to the
property shipped.

2. ———: ———: **Notice of Loss: Waiver.** A bill of lading
provided that in case of loss or damage the shipper should
notify the carrier in writing within one day after the delivery
of the property at destination and failure to give such notice
would bar recovery for the damage. The property was damaged
in transit through the negligence of the carrier and the ship-
per within one day gave a verbal notice and was told by the
agent of the carrier to sell the property and put in a claim for
damages, and on the second day the shipper gave a written
notice in due form. *Held*, the stipulation requiring the writ-
ten notice on the first day was waived.

Appeal from Stoddard Circuit Court.—*Hon. James L.
Fort*, Judge.

136 App.—1 (1)

AFFIRMED.

W. F. Evans and Jas. Orchard for appellant.

The live stock contract provides that notice in writing must be served on the defendant railroad company within one day after the delivery to the company at the stock yards, and a failure to do so would defeat any cause of action that might be brought by the plaintiff herein. Dawson v. Railway, 76 Mo. 514; McBeach v. Railway, 20 Mo. App. 445; Brown v. Railroad, 18 Mo. App. 568.

Houck & Houck for respondent.

The courts of this State are uniform in their holding that where a party has by his course of action indicated that he is satisfied with the notice given he cannot afterwards take advantage of such failure. Summers v. Railway, 114 Mo. App. 458. Nor is it the essence of the contract here, and if it were, defendant has waived it, and by the action of it, agent is estopped from asserting it. Brown v. Railway, 18 Mo. App. 568; Live Stock Co. v. Railroad, 100 Mo. App. 674.

STATEMENT.—Plaintiff asks damages for injuries to sheep while in transit over defendant's line of railway, it being alleged the sheep were delivered to the company in good and perfectly dry condition, at Elsinore, Missouri, to be carried to the National Stock Yards at East St. Louis, Illinois; that through the carelessness of defendant they became wet while in transit and the car they were shipped in became so wet as to be unfit for the use of the sheep and defendant negligently permitted them to be kept therein though it had knowledge of their condition and the condition of the car; that plaintiff was shipping the sheep to be sold on the market at the National Stock Yards, and as the direct result of the careless and negligent acts of defend-

ant, the sheep were damaged and on their arrival at destination were unfit for market; that plaintiff had to keep them at an expense to himself and finally sell them at a loss. The action was instituted before a justice of the peace, no answer being filed by defendant. The case progressed in due course to the circuit court, where plaintiff proved he was the owner of the sheep and gave evidence to prove the other averments of his complaint. Defendant put in evidence a bill of lading which showed the sheep, 110 head, had been shipped from Elsinore by Chas. Shrene, consigned to C. M. Keyes Commission Company, National Stock Yards, East St. Louis, Illinois; also that as a condition precedent to a recovery of damages for delay, loss or injury to the stock covered by the contract, the shipper must give notice in writing of any claim therefor, to some general officer, or the nearest station agent of the company, or the agent at destination, before the stock was removed from the point of shipment or place of destination, and before it was mingled with other stock; that this written notification should be served in one day after the delivery of the stock at destination so the claim might be fully and fairly investigated. The bill of lading said failure to comply with the clause requiring notice should be a bar to any recovery of damages. The shipment arrived at the stock yards July 21, 1906, and a detailed statement of damages was given by the consignee in behalf of plaintiff to defendant the second day afterward, the damages being laid at $50.30, or within a few cents of the amount demanded in the complaint. An employee of the consignee gave the live stock agent of defendant verbal notice of the damaged condition of the sheep the day of their arrival and asked the agent to examine them, but he said he would not examine them, but for the consignee to go ahead and sell the sheep and put in a claim for damages.

GOODE, J. (after stating the facts).—Against the judgment it is said the action will not lie in plaintiff's name, because the contract of shipment was between defendant and Shrene, and the latter alone could sue on it. No doubt Shrene might have sued (Atchison v. Railroad, 80 Mo. 213), but under the terms of the present bill of lading it is clear plaintiff, as the owner and person for whose benefit the contract was made, might sue. Shrene testified Clubb wrote him from somewhere to send the car to the Keyes Commission Company at East St. Louis and he (Shrene) signed up the contract as agent of Clubb. Shrene did not purport to contract as owner of the property, for after his signature on the bill of lading, appear the words "owner or shipper;" and whenever he is designated throughout the contract, it is as shipper. In one clause it is recited that in making the contract "the undersigned owner, *or agent of the owner,* of the stock named herein, expressly acknowledges," etc., that is, agreed to a certain stipulation. So, on the back of the contract over the signature of Shrene, he was spoken of as "the undersigned, *owner or in charge of the live stock mentioned in the within contract*" (we italicize) ; and then followed certain stipulations to which he agreed. It is fairly inferable from the evidence the company understood Shrene was contracting as agent for Clubb, and the contract itself shows that if he was an agent and not the owner of the sheep, the company was willing to contract with him in the former capacity. This being so, we are dealing with the common case of a contract made by an agent for his principal on which the latter may maintain an action. [Briggs v. Munchow, 56 Mo. 467; Hickman v. Craig, 6 Mo. App. 583; Bank v. Jennings, 18 Mo. App. 651.]

Another defense involved is failure to give notice of the claim for damages within the time stipulated in the bill of lading. There is nothing in this defense,

nor is any clear argument in its favor advanced. The written notice was not given until the second day after the sheep arrived, instead of the first day after. But verbal notice was given by the consignee in behalf of plaintiff the day they arrived and defendant's live stock agent, whose business it was to investigate whether the sheep had been injured by traveling in a wet car and if so, whether defendant was to blame, and the merits generally of the claim, refused to make an investigation and told the person who gave the notice to go ahead and sell the sheep and put in a claim for damages. A written notice stating particulars was delivered on the second day. The stipulation for notice of a claim for damages will be enforced in reason, but not so as to permit a carrier to induce a shipper to believe strict compliance will be waived and afterwards evade liability because of omission to comply strictly. Delivery of written notice on the day after arrival was waived. [Summers v. Railroad, 114 Mo. App. loc. cit. 458; Rice v. Railroad, 63 Mo. 322.]

The judgment is affirmed. All concur.