BARR & WISEMAN, Respondents v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs January 7, 1914. Opinion Filed February 3, 1914.

1. COMMON CARRIERS: Injury to Shipment: Ownership: Sufficiency of Evidence. In an action against a common carrier for damages to horses in transit, evidence that plaintiff was the consignor and paid the railroad company the transportation charges, that some of the horses were delivered to plaintiff at destination and others which had been injured were shipped back to him to the point of shipment, was sufficient to warrant a finding that plaintiff was the owner.

2. ———: ———: ———. A consignor may maintain an action against a carrier for injury to the shipment without proving his ownership of it.

3. APPELLATE PRACTICE: Penalty for Vexatious Appeal. Where, on appeal by defendant, the only point assigned as error was one which had previously been decided against it in another

case by another appellate court and no authorities were cited in support of its position, *held* that the court, on affirming the judgment, should impose a penalty of ten per cent for vexatious appeal, as provided by Sec. 2084, R. S. 1909.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*O. C. Clay* and *J. G. Trimble* for appellant.

*Marchand & Rouse* and *E. R. McKee* for respondents.

REYNOLDS, P. J.—This is the second appearance of this case in our court on appeal. When here before, the judgment of the circuit court was reversed and the cause remanded because of the admission of evidence on issues not covered by the petition and for error in instructions as well as for improper remarks of counsel. [See Barr et al. v. Quincy, Omaha & Kansas City R. R. Co., 138 Mo. App. 471, 120 S. W. 111.] It was tried again upon an amended petition, counting upon alleged injuries to a carload of horses while in transit from Maywood, Missouri, the shipping point, to Quincy, Illinois. It is averred that in consideration of payment of charges by plaintiffs, partners and owners of the horses, defendant, a railroad company, undertook to carry the horses, by way of its road, from Maywood to Quincy. Averring delivery of the horses in good order to defendant by plaintiffs, and payment by them of the freight, and the contract by defendant to carry and deliver in good order, the amended petition avers injury to six of the horses through the negligence and carelessness of defendant, to plaintiffs' damage in the sum of $500.

At a trial before a court and to a jury, a verdict was returned in favor of plaintiffs in the sum of $375.

Judgment following, defendant interposed a motion for new trial and in arrest, and these motions being overruled has duly perfected its appeal to this court. While some additional testimony was given at this trial, the material facts appear in the report of the case in 138 Mo. App., supra. The errors in admission of testimony noted at the former trial were not repeated. Defendant introduced no testimony.

While the learned counsel for appellant have filed a statement of the case, they have entirely disregarded the requirement of Rule 18 of this court that all briefs "shall contain, separate and apart from the argument or discussion of authorities, a statement, in numerical order, of the points relied on, together with a citation of authorities appropriate under each point. Any brief failing to comply with this rule may be disregarded by the court." Neither the points relied upon for reversal nor authorities in support of them are to be found in this paper which is entitled "Statement and Brief for Appellant." Under the head of "Suggestions," counsel say that they "do not deem it necessary to cite authorities. This court knows that before plaintiffs can recover they must show ownership." Claiming that the evidence fails to show this, counsel assert that there are many errors in the record which would cause the court to reverse and remand this judgment, but that plaintiffs' failure to prove any kind of ownership in the horses is fatal to their case. No complaint is leveled against the petition.

Beyond indulging in criticism of parties and witnesses for what is asserted to be inconsistent testimony, with which we, as an appellate court, have no concern, counsel for appellant in their various papers, designated "Statement and Brief by Appellant," and "Appellant's Reply," and covering some nine printed pages, make no other point, and refer to no authority save the former decision of this court found in 138 Mo. App., supra.

It is true that there is no distinct statement by any witness who testified, that plaintiffs were the owners of the horses shipped. It distinctly appears that plaintiffs were the consignors of the carload of horses, the damage to which is the subject of this action; that they paid the railroad company for the transportation, shipping 22 horses in the car, in good condition; that six of the horses arrived at Quincy, their destination, in a damaged condition and were delivered by defendant to plaintiffs. Three of the horses, which had been badly injured, were shipped back by the defendant railroad company to plaintiffs at the point of shipment without charge, and plaintiffs sold the remaining horses. On this state of facts plaintiffs undoubtedly introduced evidence from which the jury had a right to infer ownership in them.

But evidence of ownership—the fact of ownership —was immaterial here. Beyond question plaintiffs were the consignors. That is sufficient to entitle them to maintain this action.

In Harvey v. Terre Haute & Indianapolis R. R. Co., 74 Mo. 538, a contract for transportation of a horse was entered into between one Dickson and the railroad company. It appeared that Harvey, the plaintiff, was in point of fact the owner of the horse and as such owner brought his action for damages, claiming that Dickson, the consignor, was merely his agent. Our Supreme Court held that plaintiff, although the owner of the horse shipped, could not recover on the contract of shipment, as that was made by the agent in his own name with the railroad company, it appearing that the consignor shipper had the exclusive right of possession of the horse injured, and held such possession for himself and not as agent for the plaintiff.

In Atchison v. Chicago, Rock Island & Pacific Ry. Co., 80 Mo. 213, it is held (l. c. 214), that the party in whose name the contract for the transportation of the article was made was the proper party to sue, and the

petition sufficiently showed that he was the consignor. "Who the owner was, was immaterial. Harvey v. Railroad Co., 74 Mo. 538."

In Ross v. Chicago, Rock Island & Pacific Ry. Co., 119 Mo. App. 290, 95 S. W. 977, it is held that the consignor, though he pay the freight and have no interest in the goods, may still maintain action for their loss.

In Gratiot Street Warehouse Co. v. Missouri, Kansas & Texas Ry. Co., 124 Mo. App. 545, 102 S. W. 11, it is held that where the loss of freight occurs through the negligence of the carrier, the consignor may recover for the loss, though he has no property interest in the freight. This, on the ground that it is an action for a breach of a contract, to which he is a party as the trustee of an express trust, under the provisions of what is now section 1730, Revised Statutes 1909.

In Vanbuskirk v. Quincy, Omaha & Kansas City R. R. Co., 131 Mo. App. 357, l. c. 363, 111 S. W. 832, Atchison v. Railroad, supra, and Ross v. Railroad, supra, are cited by the Kansas City Court of Appeals in support of its holding that an action on a transportation contract is properly brought in the name of the consignor, whether he be the owner or not.

In view of this last decision, it is very remarkable that counsel for appellant should here say in their printed paper that they "do not deem it necessary to cite authorities. This court knows that before plaintiffs can recover they must show ownership." That decision was rendered in a case in which this same appellant was represented by one of the counsel who represents it before us in this appeal. He must know that this ruling was made by the Kansas City Court of Appeals in answer to the contention of counsel for appellant there that the trial court had erred in excluding the evidence of ownership, or, more accurately, evidence those counsel offered that plaintiff there was not the owner of the horses for injury to which he brought his action.

In the light of the authorities cited, and of which we will not assume that counsel as learned in the law as are those for this appellant were ignorant, we are compelled to hold that this appeal should never have been taken, and respondents so praying, the judgment of the circuit court should be affirmed with ten per cent of the amount of the judgment added and assessed against appellant as damages for a vexatious appeal. [See section 2084, Revised Statutes 1909.] It is so ordered, *Nortoni* and *Allen, JJ.*, concurring.