D. A. PAYNE and C. A PAYNE, Respondents, v.
THE PRESIDENT AND DIRECTORS OF THE
INSURANCE COMPANY OF NORTH AMER-
ICA, Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. FIRE INSURANCE: Cancellation: Rescission. The plaintiff·
sued to recover, on a fire insurance policy, damages suffered
by fire. Defendants issued the policy and accepted the pre-
mium for the first year. Some months later the company no-
tified the local agent that they wanted to cancel the policy.
Before the policy was found and cancelled the loss occurred.
*Held*, since the company had not cancelled the policy, but
only signified its intention of doing so, and had not returned
the unearned premium before the loss, they had failed to es-
tablish its claim to a performance of the conditions essential
to the proper exercise of its right to rescind.

2. ———: ———: ———. When a fire insurance com-
pany desires to accomplish a cancellation of a policy—a res-
cission of the contract—at the end of the five days' period, it
could not stop with the giving of a notice of its intention to
cancel. In the rescission of a contract by one party it is a
necessary condition precedent to such rescission to place the
other party *in statu quo* to restore to him whatever may belong
to him by reason of bringing the contract to an end.

3. ———: ———: ———: Notice. A notice, to cancel a fire in-
surance policy, to be valid necessarily should have expressed
a clear and unequivocal action of defendant on the subject
of cancellation and not a mere purpose or intention to take
such action at some future time.

Appeal from Sullivan Circuit Court.—*Hon. Fred
Lamb*, Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

*John W. Bingham* and *Earl F. Nelson* for re-
spondents.

JOHNSON, J.—This is an action on a policy of
fire insurance of $1200 covering a store building owned

by plaintiffs in Milan. The principal defense is the alleged cancellation of the policy by defendant before the occurence of the loss. The policy was issued September 11, 1911, and was to continue in force one year from that date. Plaintiffs paid the premium of $34.80 which covered the whole term. The fire occurred April 9, 1912, during the term for which the policy was issued and according to the evidence of plaintiffs, damaged the property in the sum of $1172.56. Defendant refused to pay the loss on the ground that the policy had been cancelled and this suit followed.

The contract provided that "this policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation."

The subject of cancellation arose between the parties early in March, 1912, in a letter written by defendant's agent at Milan to plaintiff D. A. Payne who, at the time, was temporarily in Colorado Springs, Colo. Neither the letter nor a copy could be found at the time of the trial and the only evidence of its contents is in the testimony of Mr. Payne who stated that the agent informed him "that the company wanted to cancel the policy and he wanted to know where the policy was." The answer to this letter which was written and mailed at Colorado Springs, March 4, 1912, was as follows:

"Mr. W. J. Wattenberger, Milan, Mo.

"Dear Sir: Yours regarding cancelling insurance on Depot Restaurant Bldg. at hand and in reply will say I am very much surprised at this, and I hardly know what to say. I don't see any reason for cancelling as it is all paid up for a year from the time of insuring it. Now if the company won't carry it any longer and you can place it in any other good company for the unexpired time without any further expense to me you can do so. The policy is in charge of the Sullivan Co. Bank. You can see Nova Payne

and he will show you the policy. I don't see any need of changing policies and hope you won't have to. Please let me hear from you at once and oblige.''

Payne returned to Milan and was informed by the agent that he could not find the policy at the Sullivan County Bank. Payne replied that the policy certainly was at the bank. The agent suggested that it might be at Payne's house and Payne then promised to search for it and the agent agreed to change the insurance to another company. This conversation occurred on or about March 23d and in its course the agent stated that the old policy ''stands till we can get it changed, if any loss.'' Payne did not find the policy and nothing further was said by the parties on the subject of cancellation until after the loss. Defendant did not offer to return the unearned premium.

To effect a cancellation of the policy before the end of the term for which it was issued, defendant was required by the contract to give plaintiffs ''five days' notice of cancellation.'' Such notice to be valid necessarily should have expressed a clear and unequivocal action of defendant on the subject of cancellation and not a mere purpose or intention to take such action at some future time. As we said in Banking Co. v. Ins. Co., 75 Mo. App. 314: ''The effect of a cancellation being an option of one party to bring to an end a contract for the protection of another, the action taken to that end must be unequivocal and not such as may be a subject of misinterpretation. It must not depend upon a future event, but must be a present purpose carried out, so that the policy is cancelled at the time the cancellation could become effective under the contract.'' [See, also, Gardner v. Ins. Co., 58 Mo. App. 611; Iron Co. v. Ins. Co., 127 N. Y. 608; Elliott on Insurance, sec. 300.]

But defendant, to accomplish a cancellation of the policy—a rescission of the contract—at the end of the

five days' period could not stop with the giving of a notice of the character described. "In the rescission of a contract by one party it is a necessary condition precedent to such rescission to place the other party *in statu quo,* to restore to him whatever may belong to him by reason of bringing the contract to an end." [Banking Co. v. Ins. Co., supra.]   This rule applied to the cancellation of an insurance policy by the insurer calls for a tender to the insured of the unearned premium he has paid as a condition precedent to the rescission of the contract. . The application of these rules to the facts in evidence leads to the conclusion that since the alleged notice was limited to the expression of a mere intention to act in the future on the subject of cancellation and since no tender of, nor offer to return the unearned premium was made at any time before the loss, defendant has failed to establish its claim of a performance of the conditions essential to the proper exercise of its right to rescind.

But counsel for defendants urge that plaintiffs ratified and consented to the cancellation and thereby waived performance by defendant of the conditions we have been discussing.

The letter written in answer to the alleged notice certainly does not disclose any thought of the writer of terminating the contract by mutual consent.   Manifestly the writer construed the alleged notice as we have construed it, viz., as being not a formal and legal notice of rescission but as an expression of an intention to act in the future and, treating the subject as still open to argument or negotiation, attempts to dissuade defendant from carrying out its expressed purpose.   The sentence, "Now if the company wont carry it any longer and you can place it in another good company for the unexpired time without any further expense to me, you can do so," instead of suggesting the idea of an immediate cancellation by mutual consent, conveys the opposite meaning that the writer

is not accepting the notice for more than its legal worth, is not regarding it as a finality and is not renouncing his right to a restoration of the *status quo*. In effect he was saying to the agent, "If you do conclude to rescind the contract I will accept a policy in another company for the unexpired term in lieu of a tender of the unearned premium." This letter left the parties in their old relation of insurer and insured and the subsequent conversation at Milan between plaintiffs and the agent who was defendant's *alter ego*, instead of changing that relation, continued it by express agreement to such time as an exchange of policies could be effected. The argument that the agent became the agent of plaintiffs for the procurement of a new policy and, therefore, should be considered as holding the unearned premium in such capacity and for the benefit of plaintiffs is untenable.

The agent did not act in a dual capacity but throughout the entire transaction was the agent only of defendant. As we have stated the substance of plaintiffs' alternative offer to defendant was to accept a policy in another company in place of the old policy should defendant conclude to assert its right to rescind. In such case defendant would have had the option of procuring the new policy or of tendering the unearned premium in money and the acts performed by the agent in giving effect to either course could not have been regarded in any other light than as acts performed in defendant's service. The defense of cancellation finds no support in the evidence.

An objection of defendant to the instruction given the jury finds conclusive answer in the case of Van Buskirk v. Railroad, 131 Mo. App. 357.

The judgment is affirmed. All concur.